J. M. HARVEY *v.* THE STATE.

(*Jackson,* April Term, 1933.)

Opinion filed May 20, 1933.

HUGH L. CLARKE, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

The defendant was convicted of the unlawful possession of liquor, fined $100, and given a jail sentence of sixty days.

The evidence upon which the conviction rests came as the result of a search made under a search warrant. Objection was taken to the admission of such proof and we think that the evidence was improperly admitted, that the search warrant was unlawfully issued and the ensuing search unauthorized.

The warrant appears to have been issued on December 26, 1932. Such is the date it bears. The affidavit upon which the warrant issued bears date of December 27, 1932. The return on the warrant is dated December 28, 1932.

According to the face of the papers the warrant was issued before the affidavit was made. A search warrant can only be issued on probable cause, supported by affidavit. Code, sec. 11899.

The State introduced the magistrate who issued the warrant and this official was permitted to testify, over the objection of defendant, that the affidavit was made and the warrant issued at the same time and that the date, December 27, 1932, on the affidavit was a clerical error.

We think this testimony of the magistrate was inadmissible. It has been settled in Tennessee since *Bank of Tennessee* v. *Patterson,* 27 Tenn. (8 Humph.), 363, that the verity of a record cannot be impeached by testimony *aliunde.* This rule has been applied to proceedings before a magistrate preliminary to the issuance of a search

warrant. *Bragg* v. *State,* 155 Tenn., 20, and *Reed* v. *State,* 162 Tenn., 643.

■ The case before us falls under the authority of *Watt & Co.* v. *Carnes,* 51 Tenn. (4 Heisk.), 532. An attachment was issued in that case on February 15, 1868. The affidavit was not signed by the plaintiff nor certified as having been sworn to by the clerk of the court. The clerk later discovered this omission and on March 2, 1868, procured the plaintiff to sign the affidavit and inserted the date March 2. On the hearing the clerk testified it was not his habit to issue attachments without swearing parties to affidavits—this tending to show that the affidavit before the court had in fact been sworn to before the writ of attachment issued. The court said:

"The affidavit is the foundation of the proceeding by attachment, and becomes part of the record. *Maples* v. *Tunis,* 11 Humph., 108. Being a record of the court, it was not competent to hear proof to contradict the date at which it purported to be sworn to, or to show that it was sworn to on a different date. The proof of the clerk was therefore improperly heard. *Carrick* v. *Armstrong,* 2 Cold., 265; (*Bank of Tennessee* v. *Patterson*), 8 Humph., 363.

. . .

"By sec. 3469 of the Code, an affidavit is an indispensable prerequisite to the issuance of an attachment. An affidavit is a statement in writing signed and made upon oath before an authorized magistrate. Until such affidavit was made, the clerk had no authority to issue the attachment—which was a nullity."

These observations apply with equal force to the affidavit which is a statutory prerequisite to the issuance of a search warrant.

Upon the authorities stated, we must conclude that the search warrant herein was void, that evidence obtained as the result of a search thereunder was inadmissible and should have been excluded by the trial court. It follows that there was no competent evidence to sustain the judgment below and the same is reversed.