STATE ex rel. CLARENCE BLACKBURN, et al.

*v.*

FLOYD FOX, et al.

(*Knoxville,* September Term, 1955)

(May Session, 1956.)

Opinion filed June 8, 1956.

HUGH C. SIMPSON and DEXTER CHRISTENBERRY, Knoxville, for plaintiffs in error.

E. R. MYNATT, Knoxville, for defendants in error.

228

MR. JUSTICE PREWITT delivered the opinion of the Court.

The plaintiff filed this Criminal Nuisance action against the defendant Floyd Fox under Chapter 2 of the Public Acts of 1913, 2d Extra Session, as amended, and he was permanently enjoined from selling whiskey in the City of Knoxville. The present contempt proceeding charges Fox with violating the existing injunction by selling whiskey on September 20, 1955, on his premises situated at 112 West Cumberland Avenue, in that City. The defendant was given a fine of $50 and a work house sentence of six months for contempt.

The proof shows that based on information received from a citizen, Police Captain Corcoran secured a warrant to search Fox's premises for whiskey. It seems that at the time an undercover police agent went to these premises with marked money and purchased whiskey

from the defendant. On the same date of September 20th the undercover agent, after purchasing the whiskey, signaled the officer waiting nearby, indicating a purchase of whiskey had been made. Then the police captain and two patrolmen raided the place and found a substantial quantity of whiskey. They also found the marked money in Fox's cash register.

The Police Captain testified that he received his information, and on the same date signed the affidavit which contains the statement that a whiskey offense was being committed at 112 West Cumberland Avenue, on September 20th by the defendant Fox. The police captain swore to the affidavit before the municipal judge. The judge attested the execution of the affidavit by his jurat, but failed to insert the date of it in the blank spaces. The form which contains the affidavit also includes the search warrant. The judge signed the warrant which is dated September 20, 1955. The return of the police captain is also dated September 20th. The evidence conclusively establishes that the entire transaction took place on September 20, 1955.

Fox interposed but one defense, that is that the affidavit of the police captain upon which the writ was issued does not bear a date.

In Cornelius on the Law of Search and Seizure Section 179, page 402 it is stated:

"Where the affidavit for the search warrant is not dated, but proof is introduced that the same was executed on a given date, the same will be held sufficient." See *Blackburn v. Commonwealth,* 202 Ky. 751, 261 S.W. 277, 279.

In 79 C.J.S., Searches and Seizures, sec. 73 (e)(2), it is stated:

"Where the affidavit is not dated at all, but a search warrant issued thereon is dated, the warrant and affidavit being on the same paper, the defect does not invalidate the warrant." See *State v. Kanellos,* 124 S.C. 514, 117 S.E. 640.

The defendant relies upon our three cases: *Harvey v. State,* 166 Tenn. 227, 60 S.W.2d 420; *Welchance v. State,* 173 Tenn. 26, 114 S.W.2d 781; *Everett v. State,* 182 Tenn. 22, 184 S.W.2d 43.

In *Harvey v. State, supra,* the warrant was issued one day before the affidavit was made. This Court held that the magistrate had no authority to issue a warrant until the affidavit which is an indispensable prerequisite to the issuance of the warrant. See T.C.A. sec. 40-504.

It is from the contents of the affidavit that the magistrate determines the existence of probable cause and not the date on which the affiant made his oath.

It results that the judgment below will be affirmed.