IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1997 SESSION

FILED

September 10, 1997

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9603-CR-00083 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. James C. Beasley, Jr., Judge |
| CLEOPHES CARTER, | * | (Certified Question of Law) |
| Appellant. | * | |

For Appellant:

Cleophes Carter (Pro Se)
201 Poplar Avenue, 5-E
Memphis, TN 38103
(on appeal)

William Nowlin, Attorney
100 North Mid America Mall
Memphis, TN 38103
(at trial)

For Appellee:

Charles W. Burson
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Janet Shipman
Assistant District Attorney General
Shelby County District Attorney
     General's Office
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Cleophes Carter, was indicted on two charges of unlawful possession of a controlled substance with the intent to sell and deliver. When a defense motion to suppress evidence was overruled by the trial court, the defendant, who had been apprised of his right to reserve a dispositive issue for appeal, entered a plea of guilt to the unlawful possession of marijuana with the intent to sell, a Class E felony, and the unlawful possession of cocaine less than one-half gram, a Class C felony. The trial court imposed sentences of one year and four years respectively.

The single issue presented for review is whether a search warrant for the residence of the defendant had been validly issued.[1] We find no error and affirm the judgment of the trial court.

On March 23, 1994, and based upon information provided by Detective Paul Harvey, a search warrant was issued for the residence and the outbuildings at 1709 Kendall in Memphis. The occupant was described as black male known as Cleo, six feet, approximately 190 pounds, four gold front teeth, and about twenty-four years of age. The affidavit provided as follows:

> On March 22, 1994, the affiant talked with a reliable
> informant of the Memphis, Shelby County, Tennessee,
> who has given the affiant information regarding illegal
> activities in connection with narcotics trafficking by the
> above named person, which has been found to be true
> and correct and which has resulted in one narcotics
> seizure of marijuana. This reliable informant stated that
> within the past five days of March 22, 1994, this reliable
> informant had been in the above described residence
> and had seen the above named person storing and

---

[1]The single issue addressed in this opinion does not appear to have been properly reserved under the guidelines set out in State v. Preston, 759 S.W.2d 647 (Tenn. 1988) and re-established in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996); however, the issue was not addressed in either brief. Thus, we have addressed the merits. C.f., Bowlin, 871 S.W.2d 170 (Tenn. Crim. App. 1993).

2

selling marijuana in the above described residence.

At the suppression hearing it developed that Officer Harvey had not previously used the informant for a search warrant and had based his opinion of reliability on the fact that he had monitored the purchase of marijuana by the confidential informant from the defendant on the day before the search warrant was issued; the marijuana was, of course, thereupon seized. The record establishes that the purchase did not result in an arrest of the defendant. The search of the property pursuant to the warrant yielded two pounds of marijuana and a small amount of cocaine.

The defendant argued that the search warrant failed to establish the credibility of the confidential informant or the reliability of his information. The trial court denied the motion to suppress:

> [T]he court has determined that the affidavit in this matter sufficiently sets out information that a magistrate could rely upon in finding probable cause--namely, that the informant had previously given information resulting in a seizure of marijuana involving the named party in the warrant. A more proper wording might have been a purchase of marijuana from that individual. However, the information he had given in the past was therefore proven to be true. His veracity was proven and his means of knowledge was also proven by his own observation. Both prongs of the ... test as set out in State v. Jacumin, 778 S.W.2d 430 were met.

In this pro se appeal, the defendant is limited to any question properly addressed under Rule 37(b)(2)(i) or (iv), Tenn. R. Crim. P., explicitly reserving "with the consent of the court the right to appeal a certified question of law that is dispositive of the case."[2]

---

[2]In this pro se appeal, the defendant cites three issues: (1) whether the trial court erred by not granting the suppression hearing; (2) whether the state erred in not producing the confidential informant; and (3) whether the judge abused his discretion by relying on information not placed in the affidavit of complaint.

Obviously, an affidavit is an indispensable prerequisite to the issuance of any search warrant. Tenn. Code Ann. § 40-6-103; State ex rel. Blackburn v. Fox, 200 Tenn. 227, 230, 292 S.W.2d 21, 23 (1956). It must establish probable cause. Tenn. Code Ann. § 40-6-104; Tenn. R. Crim. P. 41(c). Probable cause has been generally defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. See Lea v. State, 181 Tenn. 378, 380-81, 181 S.W.2d 351, 352 (1944).

Also, fundamental to the issuance of a search warrant is the requirement that the issuing magistrate make an independent determination that probable cause exists. See State v. Moon, 841 S.W.2d 336, 337 (Tenn. Crim. App. 1992). Because the magistrate must make an independent determination, it is imperative that the affidavit contain more than conclusory allegations. "'Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police.'" State v. Moon, 841 S.W.2d at 338 (quoting United States v. Ventresca, 380 U.S. 102, 108-09 (1965)).

The defendant primarily argues that the affidavit fails to establish the informant's reliability. The general rule is that if the information in the affidavit is supplied by a confidential informant, the adequacy of the affidavit is measured by a two-pronged test:

> (1) whether the affidavit contains the basis of the informant's knowledge (the "basis of knowledge prong"); and
>
> (2) whether the affidavit includes a factual allegation that the informant is credible or the information is reliable (the "veracity prong").

State v. Jacumin, 778 S.W.2d 430, 432, 436 (Tenn. 1989)(relying upon Aguilar v.

4

Texas, 378 U.S. 108 (1964) and Spinelli v. United States, 393 U.S. 410 (1969)). The basis of knowledge prong of this test is not at issue. Our attention is, therefore, directed to the second prong.

In Aguilar, the United States Supreme Court held that a search warrant was improvidently issued by the magistrate because the affidavit did not contain any underlying circumstances indicative of illegal activity or any facts disclosing the credibility of the informant or the reliability of the information given. 378 U.S. at 114. Although the United States Supreme Court no longer employs the Aguilar-Spinelli test, the Tennessee Supreme Court has determined that the test, "if not applied hypertechnically, provide[s] a more appropriate structure for probable cause inquiries incident to the issuance of a search warrant ... [and] is more in keeping with the specific requirement of Article I, Section 7 of the Tennessee Constitution ...." State v. Jacumin, 778 S.W.2d at 436.

A conclusory allegation of the informant's reliability is insufficient to satisfy the veracity prong. Spinelli v. United States, 393 U.S. at 416. "It disallows any evaluation by the magistrate and requires that the magistrate accept the affiant's conclusions not only that the prior information was credible but also that it was relevant and indicative of reliability. By its nature, such an allegation voids the magisterial function." State v. Stephen Udzinski, Jr., No. 01C01-9212-CC-00380, slip op. at 8 (Tenn. Crim. App., at Nashville, Nov. 18, 1993). Thus, the affidavit must include the specific underlying circumstances which establish the reliability of the confidential informant.

In State v. Moon, this court found an affidavit to be inadequate when the informant, who claimed to have seen marijuana on the premises to be searched,

was described only as a "reliable" person who "'has given information against his penal [interest] and ... has given information that affiant has checked and found to be correct.'" 841 S.W.2d at 339. Similarly, in the consolidated case of State v. Landon Gaw & State v. Ronald Wayne Nail, No. 01C01-9410-CC-00351, slip op. at 6-7 (Tenn. Crim. App., at Nashville, Oct. 26, 1995), this court held an affidavit which merely stated that the "informant has provided accurate and reliable information in the past to Officer Winfree" failed to establish the veracity of the informant. This court observed that there was nothing more than a conclusory allegation of the informant's veracity: "confidential and reliable informant who has furnished information that has proven to be truthful ...." Thus, the kind, quality, and nature of the information previously given by the informant must be provided to the issuing magistrate so that there is more than mere reliance upon the affiant's assertion of reliability.

The failure to establish the veracity of the confidential informant, however, is not necessarily fatal to the affidavit. The ruling in Jacumin provides that "independent police corroboration could make up deficiencies in either prong" of the Aguilar-Spinelli test. State v. Jacumin, 778 S.W.2d at 436; see Spinelli v. United States, 303 U.S. at 414-15. As a result, we must also consider whether the police corroboration alleged in this affidavit is sufficient to satisfy the veracity prong of Jacumin.

This court first addressed the issue of how much police corroboration is needed to support a determination of reliability of information in Moon. The question was framed as follows: "'Can it fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass Aguilar's tests without independent corroboration?'" State

6

v. Moon, 841 S.W.2d at 340 (quoting Spinelli v. United States, 393 U.S. at 414-15). In Moon, the court found the affidavit to be inadequate due to a conclusory allegation of corroboration, unaccompanied by any underlying facts:

> ["]Certainly, more than the corroboration of a few minor elements of the story is necessary, especially if those elements involve non-suspect behavior. It is equally certain, though, that the police need not corroborate every detail of an informant's report to establish sufficient evidence of his veracity." ... [I]t is not necessary that the events observed by the police supply probable cause by themselves or that they point unequivocally in the direction of guilt. It is sufficient that they are 'unusual and inviting explanation,' though 'as consistent with innocent as with criminal activity.' Thus, when an untested informant says that he has seen horse race bets taken at a steel plant and then passed through the fence to defendant, police observation of packages being passed to the defendant on several occasions 'was sufficient to establish the reliability of the informer in this instance.' Similarly, where an informer said narcotics were being sold in a certain record shop and that he had purchased narcotics and seen others there, this was adequately corroborated by a half hour surveillance of the shop resulting in 'personal observation of known narcotic addicts entering the premises, speaking with a clerk, going to the rear of the store and then exiting with no apparent purchase.'["]

State v. Moon, 841 S.W.2d at 341 (emphasis added)(quoting United States v. Bush, 647 F.2d 357, 363 (3rd Cir. 1981) and 1 Wayne R. LaFave, Search and Seizure § 3.3(f), at 683 (2d ed. 1978)).

In State v. Marshall, 870 S.W.2d 532 (Tenn. Crim. App. 1993), this court reviewed a warrantless arrest where probable cause was based on an anonymous informant's tip and police corroboration. The defendant argued the arrest was illegal because the officer did not have a basis for determining the reliability of the informant. By use of the standard in Moon, we found the presence of probable cause. Although the police officer did not have a basis for determining the informant's reliability, the corroboration was substantial. The police officer saw cash change hands and observed the defendant "approaching cars, leaning inside

windows, and going back and forth from his shirt and pants pockets while leaning into the cars."  State v. Marshall, 870 S.W.2d at 536.

Here, the affidavit contains something more than a conclusory allegation of police corroboration.  Officer Harvey had confirmed "within the past five days" that the informant had acquired marijuana which had been subjected to seizure.  That the officer had participated in the seizure of the same illegal drug from the same premises just prior to the issuance of the warrant is the kind of independent corroboration necessary to establish the reliability of the confidential informant.  This is more than a mere allegation of association with criminals; by comparison, in Spinelli, the defendant was simply referred to as an "associate of [known] bookmakers ... and [known] gamblers."  393 U.S. at 414.  The United States Supreme Court characterized that allegation as a "bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the magistrate's decision."  Id. In order to meet state constitutional standards, a search warrant's affidavit must allege facts which are "inviting of explanation" by the suspect.  State v. Moon, 841 S.W.2d at 341.  In our view, the contents of this affidavit, while less illuminating than ideal, marginally satisfied the veracity prong.  See State v. Wright, No. 01C01-9510-CC-00326 (Tenn. Crim. App., at Nashville, Jan. 16, 1997).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


(See separate concurring opinion)
John H. Peay, Judge

8

_____
Thomas T. Woodall, Judge