UNITED STATES of America,
Plaintiff–Appellee,

v.

Antwoin WILLIAMS, Defendant–
Appellant.

No. 00–5764.

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 2002.

Before BATCHELDER and RYAN, Circuit Judges, and LAWSON,* District Judge.

BATCHELDER, Circuit Judge.

Antwoin Williams pled guilty to one count of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). He now appeals the district court's denial of his motion to suppress evidence obtained in the execution of an allegedly defective warrant. Finding no merit to his claims, we will affirm the judgment of the district court.

Statement of Facts

On July 23, 1999, Officer Scott Coggins and other officers of the Memphis Police Department Organized Crime Unit executed a search warrant on the residence of Defendant Williams, during the course of which they found substantial quantities of cocaine, as well as several firearms. Williams filed a motion to suppress the evidence, claiming that the warrant was invalid because it was dated July 13. The date of the warrant's issuance is significant

---

* The Honorable David M. Lawson, United States District Judge, Eastern District of Michigan, sitting by designation.

because under Tennessee law a warrant is valid for only five days after the date on its face. *see* TENN.CODE ANN. § 40–6–107, and if Coggins had obtained on July 13 the warrant he executed on July 23, the evidence gained in that search would be inadmissible.

The problem was, and is, that the dates in the affidavit and the warrant appear to conflict. The text of the affidavit attests that a reliable informant had been inside the residence "within the past five (5) days of July 23, 1999;" also typewritten lower down on the affidavit is the statement that the information in the affidavit was "[s]worn to and subscribed before me, this 23th [sic] day of July 1999," and below this is the signature of Judicial Commissioner Odell. The warrant, which is printed lower on the same page as the affidavit, grants permission to search the premises and, typewritten before Odell's signature, says "[t]his 23th [sic] day of July, 1999"; but immediately below Odell's signature it says (typewritten) "[i]ssued on" and (handwritten) "7–13–99."

To clear up this apparent conflict, the government had Odell testify at Williams's suppression hearing. Odell explained that the July 13 date she had handwritten was an error, and that she knew this because she prepared one report for the warrants issued on the first through the fifteenth of each month and a second for those issued on the sixteenth through the end of the month, and Williams's warrant had been in the latter. Coggins also testified that the July 23 date was correct. The district court denied Williams's motion and he pled guilty to possessing 130 grams of cocaine base with intent to distribute and to being a felon in possession of a firearm, but reserved his right to appeal the denial of his motion to suppress-a right which he now exercises.

## Analysis

"When reviewing the rulings of a district court on a motion to suppress evidence, this court applies the clearly erroneous standard to the district court's factual findings, and reviews the district court's legal conclusions de novo." *United States v. Dotson,* 49 F.3d 227, 229 (6th Cir.1995).

Williams argues that the district court should not have allowed Odell and Coggins to testify, citing in his favor *Harvey v. State,* 166 Tenn. 227, 60 S.W.2d 420 (Tenn. 1933), which holds that a date printed on a facially unambiguous court record cannot be called into question by outside testimony, not even that of the issuing magistrate. We do not find it necessary to address this argument, because we hold that the district court's factual finding that July 23 was the correct date was not clearly erroneous. Though the district court cited the witnesses' testimony as part of the basis for its holding, we find that the court's finding can stand even without the corroboration of the testimony. The affidavit and warrant, which were printed on the same page, contained three typewritten references to July 23, and the one reference to July 13 is handwritten and appears to have been hastily scrawled. We hold that it was not clear error for the district court to find that based on the document alone, July 23, 1999, was the correct date.

## Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.