IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2004

## STATE OF TENNESSEE v. DONALD WAYNE BOXX

Appeal from the Criminal Court for Shelby County
No. 03-06673    Arthur T. Bennett, Judge

No. W2004-01104-CCA-R3-CD  - Filed August 18, 2004

The defendant entered a guilty plea to driving under the influence.  The trial court imposed a sentence of eleven months and twenty-nine days to be served forty-eight hours of confinement followed by probation.  As a part of the guilty plea, the defendant reserved for appeal the trial court's denial of his motion to suppress. See Tenn. R. Crim. P. 37(b)(2)(i).  The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Jeffrey Jones, Bartlett, Tennessee, for the appellant, Donald Wayne Boxx.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and Lee Coffee and Brooks Yelverton, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

At approximately 10:30 P.M. on April 24, 2003, Memphis Patrol Officer B.E. Copley observed the defendant walk to a car in the parking lot of the Fox and Hound Restaurant.  After entering his vehicle, the defendant moved what appeared to be a beer can from the inside of the car to the surface of the parking lot and then drove away.  The officer followed, intending to initiate a traffic stop to cite the defendant for littering. After stopping the defendant, the officer observed that the defendant had watery, bloodshot eyes and smelled of alcohol.  As a result, the officer directed him to step outside of the vehicle.  When he saw that the defendant was unsteady on his feet, Officer Copley charged the defendant with driving under the influence.

During the hearing on the motion to suppress, the defendant admitted that he had removed a soft drink can from his car and left it in the parking lot.  He explained that he had been chewing tobacco and had used the can as a spittoon.

While arguing that the officer lacked any basis to make the traffic stop, the defendant contends that discarding a can in a parking lot qualifies as "trifling behavior" and "should not result in a search and seizure." The defendant also submits that the littering statute, which prohibits the disposal of litter on public or private property without permission, does not authorize officers to assume a lack of permission on the part of the owner. See Tenn. Code Ann. § 39-14-502(a)(1).

The trial court overruled the motion to suppress, ruling that the officer had probable cause to stop the defendant for littering. The court refused "to assume that the restaurant wanted [the defendant] to throw cans out on the parking lot."

Both the state and federal constitutions protect individuals from unreasonable searches and seizures; the general rule is that a warrantless search or seizure is presumed unreasonable and any evidence discovered subject to suppression. U.S. Const. amend. IV; Tenn. Const. art. I, § 7; Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971); State v. Bridges, 963 S.W.2d 487, 490 (Tenn. 1997). Neither, however, limits all contact between citizens and law enforcement and both are designed, instead, "'to prevent arbitrary and oppressive interference with the privacy and personal security of individuals.'" INS v. Delgado, 466 U.S. 210, 215 (1984) (quoting United States v. Martinez-Fuerte, 428 U.S. 543, 554 (1976)). Our courts have recognized three types of police-citizen interactions: (1) a full scale arrest, which must be supported by probable cause; (2) a brief investigatory stop, which must be supported by reasonable suspicion; and (3) a brief police-citizen encounter, which requires no objective justification. See Florida v. Bostick, 501 U.S. 429, 434 (1991); Brown v. Illinois, 422 U.S. 590 (1975); Terry v. Ohio, 392 U.S. 1 (1968). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry, 392 U.S. at 19 n.16.

In State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993), our supreme court ruled that "the reasonableness of seizures less intrusive than a full-scale arrest is judged by weighing the gravity of the public concern, the degree to which the seizure advances that concern, and the severity of the intrusion into individual privacy."

Our determination of the reasonableness of a stop of a vehicle depends on whether the officer had either probable cause or an "articulable and reasonable suspicion" that the vehicle or its occupants were subject to seizure for violation of the law. See Delaware v. Prouse, 440 U.S. 648, 663 (1979); State v. Coleman, 791 S.W.2d 504, 505 (Tenn. Crim. App. 1989). Probable cause has been generally defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. See Lea v. State, 181 Tenn. 378, 380-81, 181 S.W.2d 351, 352 (1944). While probable cause is not necessary for an investigative stop, it is a requirement that the officer's reasonable suspicion be supported by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, 392 U.S. at 21; Pulley, 863 S.W.2d at 30; Coleman, 792 S.W.2d at 505; see also State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992) (applying Terry doctrine in context of vehicular stop). In determining whether reasonable suspicion exists, an important factor in the analysis is that reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be

established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. Pulley, 863 S.W.2d at 32 (citing Alabama v. White, 496 U.S. 325, 330 (1990)).

Courts considering the issue of reasonable suspicion must look to the totality of the circumstances. Those circumstances include the personal observations of the police officer, information obtained from other officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders. Watkins, 827 S.W.2d at 294 (citing United States v. Cortez, 449 U.S. 411, 417-18 (1981)). Objective standards apply rather than the subjective beliefs of the officer making the stop. State v. Norword, 938 S.W.2d 23, 25 (Tenn. Crim. App. 1996).

When the trial court makes a finding of facts at the conclusion of a suppression hearing, the facts are accorded the weight of a jury verdict. State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). The trial court's findings are binding upon this court unless the evidence in the record preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); see also Stephenson, 878 S.W.2d at 544; State v. Goforth, 678 S.W.2d 477, 479 (Tenn. Crim. App. 1984). Questions of credibility of witnesses, the weight and value of the evidence, and resolution of conflicts in evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from the evidence. Odom, 928 S.W.2d at 23. The application of the law to the facts, however, requires de novo review. State v. Daniel, 12 S.W.3d 420, 423-24 (Tenn. 2000). Likewise, if the evidence does not involve a credibility assessment, the reviewing court must examine the record de novo without a presumption of correctness. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

The littering statute, Tennessee Code Annotated section 39-14-502, provides that "[a] person commits criminal littering who . . . [k]nowingly places, drops or throws litter on any public or private property without permission and does not immediately remove it . . . ." Litter is defined as "garbage, refuse, rubbish, and all other waste material." Tenn. Code Ann. § 39-14-502(a)(1). In this instance, the officer had the authority to stop the defendant's vehicle when he observed the defendant place the can onto the parking lot. In our view, the officer had no duty to determine whether the defendant "had permission" to litter before initiating the stop for that offense. That the defendant left trash in a privately owned parking lot accessible to the public was a proper basis for an investigatory stop. Under these circumstances, the trial court did not err by denying the motion to suppress.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-