IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

## STATE OF TENNESSEE v. MARK RAY DELASHMIT

**Appeal from the Circuit Court for Tipton County**
**No. 4722      Joseph H. Walker, III, Judge**

---

**No. W2004-00946-CCA-R3-CD  - Filed June 13, 2005**

---

The defendant, Mark Ray Delashmit, entered pleas of guilt to manufacturing methamphetamine, a Schedule II drug, and to possessing methamphetamine with the intent to deliver.  The trial court imposed concurrent, four-year sentences in a community corrections program.  As part of the plea agreement, the defendant reserved a certified question of law pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. The question that has been certified for review by the trial court is "[w]hether the search warrant executed upon Defendant's residence was supported by probable cause.  Specifically, whether there is an adequate showing of the reliability and credibility of the informant."  The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

J. Barney Witherington, IV, Covington, Tennessee, for the appellant, Mark Ray Delashmit.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; James Walter Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The affidavit of complaint indicates that on July 18, 2003, Sergeant Mark Johnson of the Atoka Police Department executed a search warrant at the defendant's residence.  When police officers entered the residence, methamphetamine was in the process of manufacture and the residence was filled with toxic fumes and chemicals.  Approximately 8.7 grams of finished methamphetamine, 29.5 grams of unfinished methamphetamine, and components used in the manufacturing process were discovered inside and outside the residence.  Although the defendant was placed under immediate arrest, he had to be decontaminated by the Covington Fire Department before he could be transported to the Criminal Justice Center.  A private hazardous materials company removed the laboratory from the residence.  Two days later, the defendant admitted to

police that he was manufacturing methamphetamine at the time of the search and had manufactured the substance several times in the past. The defendant acknowledged to police that he had used the illegal drug every day for nearly a year.

Prior to trial, the defendant filed a motion to suppress all of the evidence seized by police during the search of his residence, arguing that the search warrant was constitutionally deficient because it contained "absolutely no mention of the credibility of the informant." The trial court denied the motion, holding that the affidavit was not subject to the Aguilar-Spinelli test because the basis for the issuance of the warrant consisted of the personal observations of Sergeant Johnson rather than hearsay from a confidential informant.

In this appeal, the defendant contends that the trial court erred by denying his motion to suppress. Specifically, he argues that the affidavit fails to establish the informant's credibility. The defendant asserts that the prosecution conceded at the suppression hearing that the informant's credibility was not established on the face of the warrant and he also insists that the prosecution did not remedy this deficiency. Furthermore, the defendant claims that the warrant does not show a sufficient nexus between the criminal activity and the place to be searched.

The state asserts that the affidavit satisfies both prongs of the Aguilar-Spinelli test and that the "veracity" prong can be satisfied by establishing either the credibility of the informant or the reliability of the information. It submits that the affidavit contained statements indicating that the information was reliable. The state also contends that the defendant's claim that the warrant does not show a sufficient nexus between the criminal activity and the place to be searched is outside the scope of the certified question and therefore not properly before this court.

The standard of review applicable to suppression issues is well established. When the trial court makes a finding of facts at the conclusion of a suppression hearing, the facts are accorded the weight of a jury verdict. State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). The trial court's findings are binding upon this court unless the evidence in the record preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); see also Stephenson, 878 S.W.2d at 544; State v. Goforth, 678 S.W.2d 477, 479 (Tenn. Crim. App. 1984). Questions of credibility of witnesses, the weight and value of the evidence and resolution of conflicts in evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from the evidence. Odom, 928 S.W.2d at 23. This court's review of a trial court's application of law to the facts, however, is conducted under a de novo standard of review. See State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001); State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999).

I.

An affidavit is an indispensable prerequisite to the issuance of any search warrant. Tenn. Code Ann. § 40-6-103; State ex rel. Blackburn v. Fox, 200 Tenn. 227, 292 S.W.2d 21, 23 (1956).

It must establish probable cause. Tenn. Code Ann. § 40-6-104; Tenn. R. Crim. P. 41(c). Probable cause has been generally defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. See Lea v. State, 181 Tenn. 378, 181 S.W.2d 351, 352 (1944).

Also fundamental to the issuance of a search warrant is the requirement that the issuing magistrate make an independent determination that probable cause exists. See State v. Moon, 841 S.W.2d 336, 337 (Tenn. Crim. App. 1992). Because the magistrate must make an independent determination, it is imperative that the affidavit contain more than conclusory allegations. "'Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police.'" Id. at 338 (quoting United States v. Ventresca, 380 U.S. 102, 109 (1965)).

The general rule is that if the information in the affidavit is supplied by a confidential informant, the adequacy of the affidavit is measured by a two-pronged test:

> (1) whether the affidavit contains the basis of the informant's knowledge (the "basis of knowledge prong"); and
> (2) whether the affidavit includes a factual allegation that the informant is credible or the information is reliable (the "veracity prong").

State v. Jacumin, 778 S.W.2d 430, 432, 436 (Tenn. 1989) (relying upon Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969)). In Aguilar, the United States Supreme Court held that a search warrant was improvidently issued by the magistrate because the affidavit did not contain any underlying circumstances indicative of illegal activity or any facts disclosing the credibility of the informant or the reliability of the information given. 378 U.S. at 114. Although the United States Supreme Court no longer employs the Aguilar-Spinelli test, our supreme court has determined that the test, "if not applied hypertechnically, provide[s] a more appropriate structure for probable cause inquiries incident to the issuance of a search warrant . . . . [and] is more in keeping with the specific requirement of Article I, Section 7 of the Tennessee Constitution." Jacumin, 778 S.W.2d at 436.

The substantive portion of the affidavit submitted in support of the search warrant provides as follows:

> [The affiant] has information within the past 72 hours from a confidential source that [the defendant] is in possession of crystal methamphet[amine] and compone[n]ts used in the manufacture of crystal meth. Confidential source has observed storing and selling crystal methamphet[amine] from [the defendant] within the past 72 hours. Confidential source was wearing an audio listening device within the past 72 hours and law enforcement officers did hear [the defendant] talking about manufacturing crystal methamphetamine at his residence at 219 Atoka Munford Ave in Atoka TN in Tipton County. Confidential source is familiar with the appearance of crystal methamphetamine from prior drug use.

(emphasis added)

The affidavit of Sergeant Johnson satisfies the first prong of the Aguilar-Spinelli test. With regard to the informant's basis of knowledge, the affidavit contained the specific allegation that "[c]onfidential source has observed storing and selling crystal methampheta[mine] from [the defendant] within the past 72 hours." Furthermore, the affiant stated that the informant was "familiar with the appearance of crystal methamphetamine from prior drug use." That the informant personally observed the defendant's activities satisfies the basis of knowledge prong of Jacumin. See State v. Valentine, 911 S.W.2d 328, 330 (Tenn. 1995).

The question on appeal is whether the affidavit contains a sufficient showing of the reliability of the information and credibility of the informant. The affidavit does not contain any underlying facts that establish the credibility of the informant and the state concedes that the informant's reliability was not established.

The failure of the affidavit to establish the veracity of the confidential informant, however, is not necessarily fatal to the affidavit. The ruling in Jacumin provides that "independent police corroboration could make up deficiencies in either prong" of the Aguilar-Spinelli test. Jacumin, 778 S.W.2d at 436; see Spinelli, 303 U.S. at 414-15. The question is whether the police corroboration in the affidavit is sufficient to satisfy the veracity prong.

In Moon, this court first addressed the issue of how much police corroboration is needed to support a general assertion of reliability. The question was framed as follows: "'Can it fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass Aguilar's tests without independent corroboration?'" Moon, 841 S.W.2d at 340 (quoting Spinelli, 393 U.S. at 414-15). In Moon, this court found the affidavit to be inadequate due to a conclusory allegation of corroboration, unaccompanied by any underlying facts:

"Certainly, more than the corroboration of a few minor elements of the story is necessary, especially if those elements involve non-suspect behavior. It is equally certain, though, that the police need not corroborate every detail of an informant's report to establish sufficient evidence of his veracity." . . . "It is not necessary that the events observed by the police supply probable cause by themselves or that they point unequivocally in the direction of guilt. It is sufficient that they are 'unusual and inviting explanation,' though 'as consistent with innocent as with criminal activity.' Thus, when an untested informant says that he has seen horse race bets taken at a steel plant and then passed through the fence to defendant, police observation of packages being passed to the defendant on several occasions 'was sufficient to establish the reliability of the informer in this instance.' Similarly, where an informer said narcotics were being sold in a certain record shop and that he had purchased narcotics and seen others there, this was adequately corroborated by a half hour surveillance of the shop resulting in 'personal observation of known narcotic addicts

entering the premises, speaking with a clerk, going to the rear of the store and then exiting with no apparent purchase.'"

841 S.W.2d at 341 (quoting United States v. Bush, 647 F.2d 357, 363 (3rd Cir. 1981), and 1 Wayne R. LaFave, Search and Seizure § 3.3(f), at 683 (2d ed. 1978)).

In State v. Marshall, 870 S.W.2d 532 (Tenn. Crim. App. 1993), this court reviewed a warrantless arrest where probable cause was based on an anonymous informant's tip and police corroboration. The defendant argued the arrest was illegal because the officer did not have a basis for determining the reliability of the informant. The police officers saw the defendant "approaching cars, leaning inside windows, and going back and forth from his shirt and pants pockets while leaning into cars . . . . for 30 to 45 minutes." Marshall, 870 S.W.2d at 536. The officer also observed one instance of a currency exchange. That, this court ruled, corroborated the tip and established probable cause. Id. at 540.

While the affidavit here does not establish the confidential informant's credibility, the informant wore a listening device that enabled police to "hear [the defendant] talking about manufacturing crystal methamphetamine at his residence." In our view, this is corroboration of more than a minor element of a report of suspicious behavior and qualifies as the very kind of corroboration envisioned by the ruling in Jacumin. The record supports the trial court's denial of the motion to suppress.

II.

Additionally, the defendant also asks this court to determine whether the warrant shows a sufficient nexus between the criminal activity and the place to be searched. The state asserts that the issue is beyond the scope of the certified question.

Rule 37 of the Tennessee Rules of Criminal Procedure provides that an appeal lies from a plea of guilty or nolo contendere if:

> (i) the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met: (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(i), (iv).

In State v. Preston, our supreme court established the procedural conditions necessary for consideration of the merits of a question of law certified pursuant to Rule 37:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a TRAP 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988).

In State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the defendant, who pled guilty to charges of possession of marijuana with intent to sell, possession of cocaine, and possession of drug paraphernalia, attempted to certify for appeal an evidentiary question arising from the search of her residence. Although the trial court entered a post-judgment order attempting to certify the question, our supreme court, emphasizing the necessity of strict adherence to the Preston guidelines, held that the failure to include the certified question in the judgments was fatal:

> Contrary to the explicit and unambiguous requirements of Preston, the three January 15, 1993 final judgments in this case, from which the time for a Tenn. R. App. P. 3 appeal began to run, make no reference at all to a reservation of a dispositive question of law for appellate review. Moreover, the judgments do not contain an identification of the scope and limits of the legal issue reserved as required. Nor do

the judgments contain any statement in satisfaction of the reservation requirements, nor do they contain any statement that the question is dispositive, all explicitly required by Preston. Finally, these judgments do not refer to or incorporate any other independent document which would satisfy the Preston requirements. Accordingly, as the Court of Criminal Appeals found, the judgments entered on January 15, 1993, completely fail to comply with Rule 37 and Preston.

Id. at 837. In State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998), our high court again required specific compliance with the Preston rule, holding that the merits of the appeal could not be reached where the defendant failed to properly reserve the question of law.

In our view, the issue of the sufficiency of the nexus between the criminal activity and the place to be searched was not properly reserved for appeal. The certified question is written identically on both of the judgments. It is repeated verbatim in the order reserving the defendant's right to appeal on a certified question. In each instance, the first statement presents the broad question of "[w]hether the search warrant executed upon Defendant's residence was supported by probable cause." That is qualified, however, with, "Specifically, whether there is an adequate showing of the reliability and credibility of the informant." There is no indication that the defendant intended to challenge the sufficiency of the nexus between the criminal activity and the place to be searched. Neither the state nor the trial judge consented to reserve the issue for our review. Nor is there any indication that the state and the trial judge are of the opinion that the question is dispositive of the case. For these reasons, this question was not properly certified. See State v. Robert A. Hayden, No. M2000-00901-CCA-MR3-CD (Tenn. Crim. App., at Nashville, May 25, 2001).

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE