IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 4, 2018

## STATE OF TENNESSEE v. JENNIFER LYNN MOSIER

**Appeal from the Circuit Court for Madison County**
**No. 17-118    Donald H. Allen, Judge**

_____

### No. W2017-01125-CCA-R3-CD

_____

The Defendant, Jennifer Lynn Mosier, entered a nolo contendere plea to DUI in the Madison County Circuit Court and was sentenced to 11 months, 29 days in the county jail, suspended after 48 hours.  As a condition of her guilty plea, she attempted to reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) regarding the validity of the arrest warrant.  Because we agree with the State that the Defendant failed to comply with the strict requirements for properly certifying a question of law, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

J. Daniel Rogers and Joseph E. Tubbs (on appeal) and J. Daniel Rogers (at trial), Humbolt, Tennessee, for the appellant, Jennifer Lynn Mosier.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Jody S. Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On December 12, 2015, the Defendant was driving west on Highway 412 in Madison County when she lost control of her vehicle and struck a second vehicle traveling in the lane beside her.  The state trooper who responded arrested the Defendant

for DUI and took her first to the hospital for a voluntary blood draw and then to jail. The trooper then prepared an affidavit of complaint or "Tennessee Uniform Citation" charging the Defendant with DUI, reckless driving, failure to exercise due care, failure to update driver license information, and violation of the financial responsibility law. On all but the DUI warrant, the trooper filled in December 12, 2015 at 9:47 p.m. under the affiant information portion and December 12, 2015 as the date on which he swore before the magistrate that the information contained on the form was true. On the DUI warrant, the trooper wrote in the date of December 14, 2015 at 9:47 p.m. under the affiant information section but the date of December 12, 2015 as the date he swore to the veracity of the information before the magistrate. Just below the affiant information box and the "sworn and subscribe" box on the DUI warrant is the "Court" box on which the Defendant's court date was listed as December 14, 2015 at 8:30 a.m. The back of the warrants show that all were issued on December 13, 2015.

On February 27, 2017, the Madison County Grand Jury returned an indictment charging the Defendant with two counts of DUI under alternate theories and violation of the financial responsibility law. On April 10, 2017, the Defendant filed a motion to dismiss the indictment on the basis it had been returned after the one-year statute of limitations for the offenses had run. The Defendant argued that the arrest warrant was "void due to a discrepancy between the finding of probable cause by the clerk or magistrate and the date on which the alleged crime occurred," which meant that the prosecution was not commenced until the filing of the indictment.

At the April 24, 2017 evidentiary hearing, Trooper Kenny Ganaway of the Tennessee Highway Patrol, over the objection of the Defendant, testified that he prepared and swore to all the affidavits of complaint on December 12, 2015. He explained that the date of December 14 on the DUI warrant was a clerical error he made because he "was looking at the court date" when he filled out that warrant. Again over the objection of the Defendant, the State introduced all five warrants as exhibits to the hearing.

On April 27, 2017, the trial court entered an order denying the Defendant's motion to dismiss the indictment. The court found that all the warrants arose from the same event and were all sworn to by the trooper on December 12. The court concluded that the erroneous date of December 14 on the DUI warrant "was merely a clerical error and did not invalidate the arrest warrant."

On June 5, 2017, the Defendant entered a nolo contendere plea to the two counts of DUI, which were merged into a single conviction, in exchange for a sentence of 11 months, 29 days at 75%, suspended after service of 48 hours. Pursuant to the terms of her guilty plea agreement, the third count of the indictment was dismissed. As a condition of her guilty plea, the Defendant attempted to reserve the following certified

question of law, which was referenced in the judgment and which the prosecutor, defense counsel, and the trial court agreed was dispositive of the case:

> Whether the arrest warrant for the charge of DUI, issued on December 12, 2015, was insufficient to initiate the prosecution of the charge of DUI when the trooper wrote the date of December 14, 2015 on the affidavit in support of the said warrant?

## ANALYSIS

The Defendant contends that the trial court erred in finding that the arrest warrant was sufficient to initiate prosecution of the offense. Specifically, she argues that the DUI warrant was void *ab initio* "because it was not issued upon a magistrate's independent finding of probable cause" as required by Tennessee law. The Defendant further argues that the trial court erred by considering the extrinsic evidence of the trooper's testimony and the other warrants in its determination that the DUI warrant was valid. In support, the Defendant cites Harvey v. State, 60 S.W. 2d 420 (Tenn. 1933), as well as more recent cases that cite Harvey, for the proposition that extrinsic evidence is inadmissible to validate a warrant that is invalid on its face.

The State responds by arguing that the Defendant's certified question of law is not properly before this court because it did not include the Defendant's evidentiary complaint that the trial court erroneously considered extrinsic evidence in reaching its determination that the warrant was valid. In the alternative, the State argues that, even absent extrinsic evidence, the affidavit was valid because the face of the document shows that it was sworn before it was issued.

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if:

> (A) [T]he defendant entered into a plea agreement under Rule 11(c) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
>> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37 have been met:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. [ . . .] No issue beyond the scope of the certified question will be considered.

Id. at 650. The burden is on the defendant to ensure compliance with the requirements of Rule 37(b) and failure to properly reserve a certified question of law will result in the dismissal of the appeal. State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996).

We agree with the State that the question, as written, does not comport with the specificity requirements of Preston. Although the parties agreed that the certified

- 4 -

question of law was dispositive, the question does not clearly identify the scope and limits of the legal issue.  This court has repeatedly held that a certified question of law that fails to narrowly construe the issues and identify the grounds upon which the defendant relied for his or her argument or upon which the trial court reached its decision does not provide an adequate basis for review.  See, e.g., State v. Jeffery Keith Toone, No. W2015-02332-CCA-R3-CD, 2017 WL 1032744, at *2-*5 (Tenn. Crim. App. Mar. 16, 2017); State v. James Anthony Johnson, Jr., No. E2012-01212-CCA-R3-CD, 2013 WL 3958448, at *4 (Tenn. Crim. App. July 30, 2013), perm. app. denied (Tenn. Dec. 10, 2013); State v. Casey Treat, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5 (Tenn. Crim. App. Nov. 18, 2011).

Because the Defendant has failed to comply with the mandatory requirements to properly reserve a certified question of law, we lack jurisdiction to address the Defendant's claims regarding the validity of the arrest warrant and whether the statute of limitations bars prosecution for the offense.  Accordingly, we dismiss the appeal.

## CONCLUSION

Based on our review, we conclude that the Defendant failed to properly certify her question of law.  Accordingly, we dismiss the appeal for lack of jurisdiction.

_____
ALAN E. GLENN, JUDGE