**STATE of Tennessee, Appellee,**

v.

**Derron BURROUGHS, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

July 15, 1996.

Rehearing Denied Sept. 9, 1996.

Mark E. Stephens, District Public Defender, R. Scott Carpenter, Assistant Public Defender, Knoxville, for appellant.

Charles W. Burson, Attorney General and Reporter, Darian B. Taylor, Assistant Attorney General, Nashville, Randall E. Nichols, District Attorney General, Tony Stansberry, Assistant District Attorney General, Michael E. Moore, Solicitor General, Knoxville, for appellee.

## OPINION

BIRCH, Chief Justice.

We accepted this case in order to discuss the criteria for determining when the action of a private individual in conducting a warrantless search of a dormitory room qualifies the individual as a "state agent" and the conduct as state action.[1] In this case, we have concluded that the individual was not a state agent.

The record indicates that the defendant, Derron Burroughs, was a student at Knoxville College, a private educational institution. He resided in McGranahan Hall, a dormitory located on the campus. As Director of Residential Life and Director of McGranahan Hall, Chester Petty had broad responsibility for the discipline, health, and safety of the student body as well as specific charge of McGranahan Hall.

As a condition to residing in the dormitory, students must consent to "unannounced, unscheduled" entries into their rooms for the purpose of maintaining "law and order" with

---

1. *This issue is before the Court as a certified question of law pursuant to Tenn.R.Crim.P. 37(b)(2). The Court of Criminal Appeals disagreed on whether the question was properly certified under Rule 37(b); however, because the State neither briefed nor argued the issue, we have not addressed it here.*

respect to established school policy. This policy is stated in the school handbook. Additionally, a "Student Housing Contract" executed by the defendant contains the same provision regarding unannounced entry. Moreover, this contract provides that students may not "possess, consume ... or distribute illegal substances in the residence halls."

In the fall of 1992, Petty received information that illegal drugs were "possibly" located in the defendant's dormitory room. Petty went to the room and knocked. Receiving no response, he used a master key to gain entry. He searched and discovered a set of electronic scales and a cigar box containing a quantity of "white powdery substance."

Petty immediately contacted Dean Brown,[2] who called Nathaniel Allen, an officer employed by the Knoxville Police Department. Allen had often collaborated with college personnel in handling matters of this type; he was described as "liaison" for law enforcement matters between the college and the Knoxville Police Department.

When Allen arrived, Petty showed him the contraband. After Allen identified the contraband as resembling cocaine, he called narcotics officer Jim Marcum. Allen testified that he took possession of the contraband after Petty removed it from the defendant's room. The defendant was later questioned and arrested.

In this Court, the defendant contends that Petty, in searching his room without having first obtained a search warrant and in seizing contraband discovered therein, violated the Fourth Amendment protections against unreasonable searches and seizures. Specifically, he asserts that Petty acted as an agent or instrument of the state, and, in such capacity, his conduct in searching without a warrant was attributable to the state.

■ The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, by definition protects against unreasonable state-conducted searches and seizures. U.S. Const. Amends. IV, XIV. It exists, primarily, for the benefit of the citizen; its origin and history clearly manifest that the Fourth Amendment was intended as a restraint upon the activities of the sovereign authority to the extent that a citizen may be secure in the unmolested enjoyment of home and possessions, except by virtue of process duly issued. This intention was reinforced in *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). In *Burdeau*, the United States Supreme Court held that the Fourth Amendment limits only governmental activity; consequently, evidence secured by private persons and, perhaps, by illegal means need not be excluded from evidence in a criminal trial. The *Burdeau* holding is still valid, but the issue of precisely how and when private conduct in this context is chargeable to the state frequently has been litigated with mixed results.

Although Tennessee courts have not directly addressed this issue, federal courts have. The United States Supreme Court in *Coolidge v. New Hampshire*, 403 U.S. 443, 487, 91 S.Ct. 2022, 2048–49, 29 L.Ed.2d 564 (1971), recognized that a search by a private individual may transgress the protections of the Fourth and Fourteenth Amendments when an individual acts as an agent or instrument of the state. As a result of the holding in *Coolidge*, federal courts began to develop criteria for determining the point at which a private individual becomes an agent or instrument of the state, imputing, thereby, violations of the Fourth Amendment to the state. *See, e.g., United States v. Attson*, 900 F.2d 1427 (9th Cir.), *cert. denied*, 498 U.S. 961, 111 S.Ct. 393, 112 L.Ed.2d 403 (1990); *United States v. Pierce*, 893 F.2d 669 (5th Cir.1990), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992); *United States v. Lambert*, 771 F.2d 83 (6th Cir.), *cert. denied*, 474 U.S. 1034, 106 S.Ct. 598, 88 L.Ed.2d 577 (1985); *United States v. Howard*, 752 F.2d 220 (6th Cir.), *cert. denied*, 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed.2d 636 (1985);[3] *United States v. Walther*, 652 F.2d 788 (9th Cir.1981).

---

**2.** "Dean Brown" is not sufficiently identified in the record; we assume that "Dean" is a title rather than a name.

**3.** This case involved two defendants. In an order dated April 19, 1985, the Sixth Circuit grant-

In *United States v. Walther*, the Ninth Circuit identified the critical factors in the "agent or instrument" analysis as: "(1) the government's knowledge and acquiescence, and (2) the intent of the party performing the search." 652 F.2d at 792. This two-pronged test is often described as the "legitimate independent motivation" test, and it is the second prong that we find pertinent here.

 In *United States v. Howard*, the Sixth Circuit applied the "legitimate independent motivation" test articulated in *Walther*. In *Howard*, an insurance investigator and the police cooperated in an investigation, albeit for different reasons. Apparently, they both extensively searched the subject premises without a warrant. Cooperation, however, does not necessarily equal agency. The court held that the insurance company investigator was not subject to the Fourth Amendment because his intent in conducting the search was "entirely independent of the government's intent to collect evidence for use in a criminal prosecution." 752 F.2d at 227; *see also United States v. Capra*, 501 F.2d 267, 272 n. 4 (2nd Cir.1974), *cert. denied*, 420 U.S. 990, 95 S.Ct. 1424, 43 L.Ed.2d 670 (1975) (when police are merely assisting a private party who has authority to search and a legitimate need to do so, courts are reluctant to exclude the resulting evidence); *cf. Stone v. Wingo*, 416 F.2d 857 (6th Cir. 1969) (actions of a private party attributed to state where the private party acts in concert with state authorities in pursuit of the same design or purpose). The insurance company investigator did not act to benefit the government in its investigative (or administrative) capacity. The "intent" prong of the *Walther* test as applied in *Howard* thus recognizes that a party is subject to the Fourth Amendment only when he or she has formed the necessary intent to assist the government's investigative or administrative function. However, under the test, the Fourth Amendment will not apply when the private party was acting for a reason independent of such a governmental purpose.

Considering the facts here in light of the *Walther* and *Howard* criteria, it is mani-

fest that no incursion upon the protections furnished by the Fourth Amendment against unreasonable searches and seizures occurred in the case under submission. While the relationship between private colleges and universities and the local police may establish a state action link sufficient to engage the Fourth Amendment protections, such a link is not present here. The Knoxville College student housing contract, which the defendant signed, states that students may not possess or consume alcoholic beverages or possess, consume or distribute illegal or controlled substances in the residence halls. The contract also grants the residence hall director authority to make "unannounced, unscheduled entry of rooms" in furtherance of established school policy. According to Petty, he had received information that drugs were "possibly" located in the defendant's dormitory room. A subsequent search by Petty, conducted prior to notifying college security and local law enforcement personnel, revealed cocaine and a set of electronic scales. Thus, Petty conducted the warrantless search not as an agent of the state, but as a college official whose purpose and actions were in furtherance of college policy, not state policy. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.

DROWOTA, ANDERSON, REID and WHITE, JJ., concur.

### ORDER ON PETITION FOR REHEARING

PER CURIAM.

The appellant, Derron Burroughs, has filed a petition to rehear in this cause. The Court has considered it and concludes that it should be, and is, hereby, denied.

It is so ORDERED.

---

ed a rehearing *en banc* vacating this opinion and judgment in defendant Howard's appeal only. *United States v. Howard*, 770 F.2d 57, 59 (6th Cir.1985). However, in the later opinion, the court adopted sections I, II, III, and IV of the opinion we rely on for resolution of the issue before us. 770 F.2d at 62.