STATE of Tennessee

v.

Alice SMOTHERMAN.

Supreme Court of Tennessee,
at Nashville.

May 31, 2006 Session at Cookeville.[1]

Aug. 24, 2006.

1. This case was heard as part of the May 31, 2006, S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project in Cookeville, Putnam County, Tennessee.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellant, Alice Smotherman.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Jennifer L. Bledsoe and Mark A. Fulks, Assistant Attorneys General, for the appellee, State of Tennessee.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and CORNELIA A. CLARK, JJ., joined.

We granted this appeal to determine a certified question of law: whether the search of the defendant's residence by law enforcement officers based upon an affidavit that included information from a confidential informant who was referred to as an "agent" should be suppressed. The Court of Criminal Appeals held that an inadequate appellate record prevented an examination of the issue. We conclude, however, that the absence of the transcript of the suppression hearing from the appellate record and any failure to enter the search warrant and the affidavit into evidence during the suppression hearing does not preclude appellate review under the circumstances of this case. We further conclude that the reference in the affidavit to the confidential informant as an "agent," without more, is insufficient to establish that the informant was a law enforcement officer whose information is considered to be reliable and that the affidavit otherwise fails to establish probable cause for issuance of the search warrant. Accordingly, we reverse the judgment of the Court of Criminal Appeals, vacate the defendant's conviction, and dismiss the charges.

On August 4, 2003, Police Chief Ric Wilson of the Waynesboro Police Department obtained a search warrant for the residence of the defendant, Alice Smotherman. In the affidavit accompanying the search warrant, Chief Wilson stated that he had "good ground and belief" that evidence of illegal drug activity would be found in the residence of Teresa Smotherman, James Smotherman, and the defendant. Chief Wilson stated that the reasons for his belief were that

an agent, known only to the affiant, within the past eighteen (18) days, was on the above described premises on two separate occasions [and] did purchase Hydrocodone from Teresa Smotherman. During both drug transactions the aforementioned, Teresa Smotherman, did retrieve the Hydrocodone pills from the above described residence, and said pills were exchanged for cash by the agent. This agent within the past eighteen (18)

days purchased and observed a quantity of Hydrocodone in the possession of Teresa Smotherman, at the above described residence. This agent is familiar with the appearance of Hydrocodone and while at the residence a drug transaction took place. The above described property, according to 911 records maintained by the Wayne County Sheriff's Department, is the residence of James "Buddy" Smotherman. The affiant knows from his personal experience as the police chief of Waynesboro that the home is the residence of James "Buddy" Smotherman and his wife Alice Smotherman. He therefore complains and asks that a warrant issue to search the person and premises of the said Teresa Smotherman, Alice Smotherman, [and] James "Buddy" Smotherman at the above described [residence] in said county, where he believes said personal property above is now possessed.

While executing the search warrant, officers discovered various quantities of Valium pills, Lortab pills, and Xanax pills. As a result, the defendant was indicted on one count of possession of a Schedule IV controlled substance with the intent to sell or deliver, a Class D felony. *See* Tenn.Code Ann. § 39–17–417(a)(4), (e)(2) (2003).

The defendant filed a motion to suppress contesting the sufficiency of the affidavit supporting the issuance of the search warrant. The trial court denied the defendant's motion. The defendant subsequently pleaded guilty to the charged offense and was sentenced to four years probation as a Range I standard offender. As part of the plea agreement, the defendant reserved the following certified question of law:

> Whether or not the affidavit in the search warrant is sufficient to establish truthfulness, reliability and veracity of information that unnamed third party conveyed to affiant which established probable cause for the issuance of the search warrant? and, Whether or not the search warrant complied with Rule 41(c) of the T.R.C.P.?

The Court of Criminal Appeals did not reach the issue of whether the affidavit established probable cause because the appellate record did not include a transcript of the suppression hearing or otherwise indicate that the search warrant and affidavit included in the appellate record were entered into evidence during the suppression hearing. The Court of Criminal Appeals therefore affirmed the trial court's judgment. We granted review.

## ANALYSIS

### A. The Appellate Record

Before examining the certified question, we must address the Court of Criminal Appeals' conclusion regarding the sufficiency of the appellate record. The appellate record in this case consists of the indictment, the motion to suppress, the memorandum of law in support of the motion to suppress, the judgment reflecting the certified question of law, the search warrant, the affidavit, the officer's return, and a partial transcript of the plea hearing. The purpose of the record on appeal is to "convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R.App. P. 24(a); *State v. Housler*, 167 S.W.3d 294, 296 (Tenn.2005). The appellate record provides the boundaries of an appellate court's review. *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn.2005). An appellate court may consider only evidence contained in the appellate record. *Id.*

The State argues that the absence of the transcript of the suppression hearing precludes appellate review of the

issue presented in this case. We disagree. In Tennessee, a trial court may issue a search warrant only when a written and sworn affidavit contains evidence providing the basis for a finding of probable cause. *State v. Henning*, 975 S.W.2d 290, 294 (Tenn.1998). This Court may consider only the affidavit in reviewing whether the issuance of a search warrant is based upon probable cause. *State v. Carter*, 160 S.W.3d 526, 533 (Tenn.2005); *Henning*, 975 S.W.2d at 295. We may not consider any evidence that was not included in the affidavit but was known by the affiant or provided to or possessed by the issuing magistrate. *Carter*, 160 S.W.3d at 533; *Henning*, 975 S.W.2d at 295.

Although the record does not reflect whether the search warrant and the affidavit were entered into evidence during the suppression hearing, the failure to enter the search warrant and the affidavit into evidence does not necessarily prohibit appellate review of the issues presented. *See Bobadilla*, 181 S.W.3d at 643–44 (holding that a search warrant that was not entered into evidence could be considered on appeal). In *Bobadilla*, the search warrant was appended to the defendant's motion to suppress. *Id.* at 644. We held that appending the affidavit to a motion filed in the trial court and included in the appellate record was sufficient for our review. *Id.* In the present case, the search warrant and the affidavit were included as a supplement to the appellate record. Although the supplement to the record was certified and provided by the Clerk of the Circuit Court of Wayne County to the Court of Criminal Appeals, it was not certified by the trial judge. The omission of the trial court's certification does not preclude appellate review. *See id.* (recognizing that the search warrant was included in the record that was certified and provided by the trial court clerk to the Court of

Criminal Appeals); *see also* Tenn. R.App. P. 24(f).

There is no suggestion that the search warrant and the affidavit included in the supplemental record were not the documents considered by the trial court in denying the motion to suppress. The search warrant and the affidavit were signed by the general sessions judge on August 4, 2003. The search warrant, the affidavit, and the "Officer's Return" are stamped as filed with the circuit court clerk on August 12, 2003. The search warrant and affidavit provided the basis to search the defendant's residence and were the same documents challenged in the trial court. *Cf. State v. Johnson*, 854 S.W.2d 897, 901–02 (Tenn.Crim.App.1993) (concluding that because the record failed to indicate that the search warrant was returned to the trial court clerk, the court only can assume that the document in the appellate record was the same document that was contested in the trial court).

This Court has held that any matter that the trial court has appropriately considered is properly includable in the appellate record pursuant to Rule 24(g) of the Tennessee Rules of Appellate Procedure when the matter is " 'necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal.' " *Housler*, 167 S.W.3d at 298; *see also Bobadilla*, 181 S.W.3d at 644. The record on appeal establishes that the trial court reviewed and considered the search warrant and the affidavit in denying the defendant's motion to suppress. The trial court referred to the search warrant in its order denying the motion to suppress, in its order attaching the certified question of law to the judgment, and during the plea hearing. The search warrant also is referenced in the certified question of law included in the final judgment. Accordingly,

we conclude that the search warrant and the affidavit were properly includable in the supplemental record and, therefore, may be considered upon appellate review.

### B. Probable Cause

■■ We next examine the defendant's contention that the affidavit relied upon by the magistrate in issuing the search warrant failed to establish probable cause as required by Tennessee Code Annotated sections 40–6–103 (2003)[2] and 40–6–104 (2003)[3] and Rule 41(c) of the Tennessee Rules of Criminal Procedure.[4] Probable cause requires reasonable grounds for suspicion, supported by circumstances indicative of an illegal act. *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn.1999). To ensure that the magistrate exercises independent judgment, the affidavit must include more than conclusory allegations from the affiant. *Carter*, 160 S.W.3d at 533. The affidavit must present facts upon which a neutral and detached magistrate, examining the affidavit in a commonsense and practical manner, can determine whether probable cause exists for the issuance of a search warrant. *Id.* In examining the affidavit, our standard of review is limited to a determination of whether the issuing magistrate had "a substantial basis for

concluding that a search would uncover evidence of wrongdoing." *State v. Ballard*, 836 S.W.2d 560, 562 (Tenn.1992).

■■ The affidavit in the present case included information supplied by a confidential informant. An affidavit may include hearsay information supplied by a confidential informant as a basis to establish probable cause. *See Henning*, 975 S.W.2d at 294–95. If the hearsay information is supplied by a criminal informant or a person from a "criminal milieu," we apply a two-prong test in determining the reliability of the information. *State v. Williams*, 193 S.W.3d 502, 507 (Tenn. 2006); *State v. Jacumin*, 778 S.W.2d 430, 436 (Tenn.1989). The magistrate issuing the search warrant must be informed of 1) the basis of the informant's knowledge and 2) either the basis of the informant's credibility or the reliability of the informant's information. *State v. Cauley*, 863 S.W.2d 411, 417 (Tenn.1993). Independent police corroboration may compensate for deficiencies in either prong. *See Jacumin*, 778 S.W.2d at 436. Each prong, however, must be considered and satisfied separately to establish probable cause. *Williams*, 193 S.W.3d at 507.

---

**2.** Tennessee Code Annotated section 40–6–103 (2003) provides that "[a] search warrant can only be issued on a probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched."

**3.** Tennessee Code Annotated section 40–6–104 (2003) provides:

The magistrate, before issuing the warrant, shall examine on oath the complainant and any witness the complainant may produce, and take their affidavits in writing, and cause them to be subscribed by the persons making them. The affidavits must set forth facts tending to establish the grounds of the application, or probable cause for believing that they exist.

**4.** Rule 41(c) of the Tennessee Rules of Criminal Procedure provides in pertinent part:

A warrant shall issue only on an affidavit or affidavits sworn to before the magistrate and establishing the grounds of issuing the warrant. If the magistrate is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, the magistrate shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay evidence in whole or in part. . . .

Tenn. R.Crim. P. 41(c) (2003).

▮ The State maintains that the two-prong test does not apply in this case because the confidential informant was not a criminal informant but rather a law enforcement officer. "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca*, 380 U.S. 102, 111, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *see also State v. Wine*, 787 S.W.2d 31, 33 (Tenn.Crim.App.1989); *State v. Brown*, 638 S.W.2d 436, 438 (Tenn. Crim.App.1982). No special showing of reliability is necessary where the confidential informant is a law enforcement officer. *See Ventresca*, 380 U.S. at 111, 85 S.Ct. 741; *State v. Moon*, 841 S.W.2d 336, 338 n. 1 (Tenn.Crim.App.1992). To enable the magistrate to engage in an independent probable cause evaluation, however, the affiant must state in the affidavit that he or she is relying upon information provided by other officers. *United States v. Kirk*, 781 F.2d 1498, 1505 (11th Cir.1986). This requirement is met where the affidavit viewed as a whole clearly indicates that the affiant is relying upon information obtained from other law enforcement officers. *Id.*

The affidavit in the present case refers to the confidential informant as an "agent." The affidavit does not otherwise indicate that the informant is a law enforcement officer. The information supplied by the informant was not of such a nature that it could have been known only to a law enforcement officer. The information related in the affidavit regarding the drug transactions also could have been obtained from a criminal informant.

The common definition of an "agent" includes "[o]ne that acts or has the authority to act"; "[o]ne that acts as a representative of another"; and "[a] representative of a government or adminis-

trative department of a government." Webster's II New College Dictionary 21 (1995). This definition of an "agent" could include both a law enforcement officer and a criminal informant. Furthermore, in determining whether a criminal defendant's constitutional rights have been violated, courts have recognized situations in which a person who is not a law enforcement officer, nevertheless, is acting as an "agent" for the state. *See Coolidge v. New Hampshire*, 403 U.S. 443, 487, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (discussing whether a search may transgress the protections of the Fourth and Fourteenth Amendments when a private individual acts as an "agent" of the state); *State v. Burroughs*, 926 S.W.2d 243, 245–46 (Tenn.1996) (explaining the circumstances in which a private individual who conducts a search is acting as an "agent" of the state and, thereby, imputes Fourth Amendment violations to the state); *Hartman v. State*, 896 S.W.2d 94, 100 (Tenn.1995) (holding that two inmates were acting as "agents" for the state when a prosecutor requested that they record statements made by the petitioner in violation of the petitioner's Sixth Amendment right to counsel); *see also United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir.1994) (discussing circumstances in which a confidential informant is acting as an "agent" for the government in providing allegedly false statements in an affidavit that serves as a basis in obtaining a search warrant). Accordingly, we are unable to conclude that the use of the term "agent" alone establishes that the confidential informant was a law enforcement officer. Therefore, the information provided by the confidential informant is not afforded a presumption of reliability.

▮ Instead, we must apply the two-prong test applicable to information sup-

plied by a criminal informant. The informant's personal observations and knowledge of the activities that occurred at the defendant's residence satisfy the basis of knowledge prong. *See Stevens,* 989 S.W.2d at 295; *Henning,* 975 S.W.2d at 295. The affidavit, however, fails to indicate the basis of the informant's credibility or the reliability of the informant's information. Accordingly, we must determine whether the affidavit included sufficient independent police corroboration to compensate for deficiencies in the second, or "veracity," prong. *See Jacumin,* 778 S.W.2d at 436.

With regard to the corroboration necessary to satisfy the veracity prong, the events observed by the police need not supply probable cause by themselves or point unequivocally toward guilt. *Moon,* 841 S.W.2d at 341. The observations by police are sufficient if they provide an "'unusual and inviting explanation,'" even though the observations are "'as consistent with innocent as with criminal activity.'" *Id.* (quoting Wayne R. LaFave, Search and Seizure, § 3.3(f) at 683 (2d ed.1987)). Corroboration of more than a few minor elements of the informant's information is necessary, however, especially if the elements relate to non-suspect behavior. *Id.; see also United States v. Bush,* 647 F.2d 357, 363 (3d Cir.1981).

In the present case, Chief Wilson, the affiant, verified only that the defendant and her husband resided at the premises described by the informant. This corroboration involves only one element of non-suspect behavior and offers little support to the credibility of the informant or the reliability of the informant's information regarding the occurrence of drug transactions at the defendant's residence. We, therefore, conclude that the independent police corroboration in this case fails to compensate for deficiencies in the veracity prong.

This Court has warned against the hypertechnical application of the two-prong test. *See Jacumin,* 778 S.W.2d at 436. The need to refrain from hypertechnical application, however, "should not result in our ignoring the responsibility placed upon the judiciary by constitutional and statutory mandate to make an independent determination of probable cause, by affidavit, before a warrant may issue." *Moon,* 841 S.W.2d at 342. We hold that the affidavit in the present case failed to establish probable cause for the issuance of the search warrant. Accordingly, we reverse the trial court's denial of the defendant's motion to suppress.

### CONCLUSION

We conclude that the search warrant and the affidavit may be considered in this appeal. We further conclude that the reference in the affidavit to the confidential informant as an "agent," alone, is insufficient to establish that the informant was a law enforcement officer whose information is considered reliable. The information in the affidavit otherwise fails to establish probable cause for issuance of the search warrant. Accordingly, we reverse the judgment of the Court of Criminal Appeals, vacate the defendant's conviction, and dismiss the charges.

Costs of appeal are taxed to the appellee, the State of Tennessee.