IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 6, 2007 Session

**STATE OF TENNESSEE v. KAMARA L. WHITTINGTON**

**Direct Appeal from the Circuit Court for Madison County**
**No. 06-110      Roger A. Page, Judge**

**No. W2007-00148-CCA-R3-CD  - Filed April 29, 2008**

Defendant pled guilty to simple possession of cocaine.  Defendant properly preserved the following certified question of law for review, "Whether the informant's credibility was sufficiently set forth to establish probable cause in the affidavit which provided support for issuance of the search warrant in this case."  After a thorough review of the record, the judgment of the circuit court is reversed and the indictment against Defendant is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Indictment Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, J.J., joined.

Paul E. Meyers, Jackson, Tennessee, for the appellant, Kamara L. Whittington.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Background**

There was no testimony at the suppression hearing.  The affidavit in support of the search warrant provides the following information relied upon by the officer to establish probable cause for issuance of the search warrant:

Affiant has received information regarding possible drug activity at 56 Mount Pinson Road in Jackson, Tennessee.  Officers received information from an individual who had been in the residence at 56 Mount Pinson Road on 1/13/05 and had observed large Ziploc bags of marijuana inside the residence.  The individual

also gave information regarding the residents at 56 Mount Pinson Road, along with vehicles located at the residence. The individual stated the following vehicles would be at the residence: blue Cutlass, blue Camaro, and a gray van. The individual also stated Wanda Clark and a black male named Matthew lived at this residence, along with another black male who was just recently released from jail. Officers from the Metro Narcotics Unit, thru surveillance, were able the confirm the presence of the listed vehicles at the residence on 56 Mount Pinson Road. Further, officers did confirm this address to be the residence of Wanda Clark, Matthew Wittington, and Ernest Clark. A criminal check of Mr. Ernest Clark revealed that Mr. Clark was released from jail in December, 2004. Ms. Wanda Clark has an outstanding summons for violation of bad check law in Madison County, Tennessee. A criminal history check of Matthew Whittington shows a narcotics arrest in 2001. A criminal history check of Ernest Clark shows arrests in 2002 and 2004 for sale and delivery of cocaine.

Defendant argued that the search warrant lacked evidence of independent police corroboration because the information the police corroborated was general information, not corroboration of criminal activity. The trial court determined that this was a "close call" but upheld the search warrant after each party had submitted a brief on the issue. Defendant properly preserved the question of law for appeal.

## II. Analysis

In the instant case, the only issue on appeal is "[w]hether the informant's credibility was sufficiently set forth to establish probable cause in the affidavit which provided support for issuance of the search warrant in this case." Historically, an affidavit has been an indispensable prerequisite to the issuance of a search warrant in Tennessee. T.C.A. § 40-6-103; State ex rel. Blackburn v. Fox, 200 Tenn. 227, 292 S.W.2d 21, 23 (1956); Harvey v. State, 166 Tenn. 227, 60 S.W.2d 420 (1933). Likewise, the affidavit must set forth on its face facts which establish probable cause before a search warrant may issue. T.C.A. § 40-6-104; Tenn. R. Crim. P. 41(c). Thus, in Tennessee, probable cause to support the issuance of the warrant must appear in the affidavit and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant. State v. Moon, 841 S.W.2d 336, 337-38 (Tenn. Crim. App. 1992); State v. Jacumin, 778 S.W.2d 430, 432 (Tenn. 1989); Harvey, 60 S.W.2d at 420.

The Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

Article I, section 7 of the Tennessee Constitution provides that:

> People shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

Both of these constitutional provisions are intended to "safeguard the privacy and security of individuals against arbitrary invasions of government officials." Camara v. Municipal Court, 387 U.S. 523, 528, 87 S. Ct. 1727, 1730, 18 L. Ed. 2d 930 (1967); see also State v. Keith, 978 S.W.2d 861, 865 (Tenn.1998).

The Fourth Amendment warrant requirement demands that a probable cause determination be made by a neutral and detached magistrate. State v. Valentine, 911 S.W.2d 328, 330 (Tenn. 1995); Jacumin, 778 S.W.2d at 431; Moon, 841 S.W.2d at 338. "Probable cause exists where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175-76, 69 S. Ct. 1302, 1310-11, 93 L. Ed. 1897 (1949) (citing Carroll v. United States, 267 U.S. 132, 162, 45 S. Ct. 280, 288, 69 L. Ed. 543 (1925)). If probable cause is absent, the magistrate is not empowered to issue a warrant. When reviewing the issuance of a search warrant, this Court must determine whether the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing. The magistrate's judgment is entitled to great deference on appeal. Jacumin, 778 S.W.2d at 431-32.

In Jacumin, our Supreme Court adopted a two-pronged standard for determining whether probable cause exists under the circumstances presented in the affidavit submitted to the magistrate. In doing so, the Court relied upon the authority of Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969) and expressly rejected the "totality of the circumstances" approach found in Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Jacumin, 778 S.W.2d at 436. According to this two-pronged test, when the affiant relies upon hearsay information from a confidential informant, the magistrate must be convinced that: (1) the informant possesses a "basis of knowledge" concerning the reported events and (2) that the veracity of the information is not in question. Id. at 432; Moon, 841 S.W.2d at 338. In order to meet the first prong of this standard, the affiant must inform the magistrate of some of the underlying circumstances which led to the informant's knowledge. Moon, 841 S.W.2d at 338. As for the second prong, the magistrate must be informed of some of the underlying circumstances from which the affiant concluded that the informant was credible and/or his information in the present situation was reliable. Id. The affidavit must contain more than merely conclusory allegations. Id. However, independent police

corroboration of the information provided by the informant may make up for deficiencies in either prong. State v. Powell, 53 S.W.3d 258, 263 (Tenn. Crim. App. 2000).

In the instant case, the informant was a member of the criminal milieu. Therefore, in order for the information to be credible, the factors of Aguilar-Spinelli must be satisfied. The "basis of knowledge" prong is satisfied by the informant's representation that he was present at 56 Mount Pinson Road and saw large bags of marijuana at the residence. This information is listed in the search warrant affidavit; however, there is no information as to the credibility of the informant contained in the search warrant.

The State argues that the affiant provided sufficient independent corroboration of the informant's information to establish the reliability of the information. In State v. Smotherman, 201 S.W.3d 657 (Tenn. 2006), our Supreme Court dealt with the credibility issue of an informant. In Smotherman, the affiant, Chief Ric Wilson, stated he had "good ground and belief" that evidence of illegal drug activity would be found in the residence of Teresa Smotherman, James Smotherman, and the defendant. Smotherman, 201 S.W.3d at 659. Chief Wilson stated that the reasons for his belief were as follows:

> [A]n agent, known only to the affiant, within the past eighteen (18) days, was on the above described premises on two separate occasions [and] did purchase Hydrocodone from Teresa Smotherman. During both drug transactions the aforementioned, Teresa Smotherman, did retrieve the Hydrocodone pills from the above described residence, and said pills were exchanged for cash by the agent. This agent within the past eighteen (18) days purchased and observed a quantity of Hydrocodone in the possession of Teresa Smotherman, at the above described residence. This agent is familiar with the appearance of Hydrocodone and while at the residence a drug transaction took place. The above described property, according to 911 records maintained by the Wayne County Sheriff's Department, is the residence of James "Buddy" Smotherman. The affiant knows from his personal experience as the police chief of Waynesboro that the home is the residence of James "Buddy" Smotherman and his wife Alice Smotherman. He therefore complains and asks that a warrant issue to search the person and premises of the said Teresa Smotherman, Alice Smotherman, [and] James "Buddy" Smotherman at the above described [residence] in said county, where he believes said personal property above is now possessed.

Id. at 659-60. The State, on appeal, contended that the use of the word "agent" was sufficient to establish the informant as a law enforcement officer. Our Supreme Court disagreed and determined that the use of the word "agent" without any other information as to who the informant was did not meet the standard of reliability required by Aguilar/Spinelli. Id. at 663. Further, our Supreme Court concluded that the information given could have been supplied by a criminal informant, and, therefore, without more information as to the "agent's" identity, the presumption of reliability of a law enforcement officer does not apply. Id. Because our Supreme Court determined that the

-4-

presumption of reliability does not apply, it then had to determine whether or not there was enough independent corroboration by the police of the information supplied. Our Supreme Court stated:

> With regard to the corroboration necessary to satisfy the veracity prong, the events observed by the police need not supply probable cause by themselves or point unequivocally toward guilt. Moon, 841 S.W.2d at 341. The observations by police are sufficient if they provide an "'unusual and inviting explanation,'" even though the observations are "'as consistent with innocent as with criminal activity.'" Id. (quoting Wayne R. LaFave, Search and Seizure, § 3.3(f) at 683 (2d ed.1987)). Corroboration of more than a few minor elements of the informant's information is necessary, however, especially if the elements relate to non-suspect behavior. Id.; see also United States v. Bush, 647 F.2d 357, 363 (3d Cir. 1981).

Id. at 664. In Smotherman, the only information verified by the affiant was that the defendant and her husband resided at the premises described by the "agent." Our Supreme Court concluded that this "corroboration involves only one element of non-suspect behavior and offers little support to the credibility of the informant or the reliability of the informant's information regarding the occurrence of drug transactions at the defendant's residence. We, therefore, conclude that the independent police corroboration in this case fails to compensate for deficiencies in the veracity prong." Id.

The State, in the instant case, relied on five assertions that independent police corroboration showed the informant's information to be reliable. These were:

> (1) Police observed three vehicles at 56 Mount Pinson Road as reported by the informant. This observation occurred on the same day that the informant saw the vehicles at the home and the same day the affidavit was made.

> (2) Police confirmed that Wanda Clark and Matthew Whittington resided at 56 Mount Pinson Road corroborating the full name and the first name of the residents reported by the informant. The resident, whose name was unknown to the informant, was determined by police to be Ernest Clark. Mr. Clark's status as being recently released from jail was confirmed by police investigation.

> (3) Police discovered that Wanda Clark had an outstanding summons in Madison County for violation of the bad check law.

> (4) Police found that Matthew Whittington had a "narcotics arrest" (but no mention of a conviction) in 2001.

> (5) Police discovered that Ernest Clark was arrested (but, again, no mention of a conviction or current status) for the sale and delivery of cocaine in 2002 and 2004.

Identification of the presence of the three vehicles located at a house where three people reside is a "non-suspect" event. While an outstanding summons for the violation of the bad check law indicates at least probable cause of a misdemeanor theft related offense, it has little, if any, corroborative value as to corroborating the possession of marijuana. It is also "non-suspect" behavior for it to be established that a person has been in jail for an unspecified offense.

That leaves two facts uncovered by independent police investigation and submitted to establish that the informant's information in this particular case is reliable. First, one resident was **arrested** in 2001 for a narcotics offense, and, secondly, another resident was **arrested** in 2002 and again in 2004 for the sale and delivery of cocaine. This knowledge alone does not constitute probable cause. If there had been other factors corroborated by the police outside of the "non-suspect" behavior, the discovery of the prior arrests could have provided a basis for probable cause in addition to the other factors. See State v. Hennings, 975 S.W.2d 290, 295 (Tenn. 1998). In this instant case, however, that did not occur. While everything the informant told the police was found to be true, it was information that anyone could have obtained and did not pertain to any criminal activity. The only specific information provided by the informant and corroborated by the police was presence of the cars in the driveway and the residents of the home. This is all non-suspect activity and is, therefore, insufficient to negate the deficiency in the search warrant. Because there is no information given in the search warrant as to the credibility of the informant and because of the lack of police corroboration to establish the reliability of the informant's information of criminal activity, the search warrant did not meet the standards of Aguilar/Spinelli. Accordingly, the judgment of the circuit court is reversed and the indictment against Defendant is dismissed.

## CONCLUSION

For the foregoing reasons, the judgment of the criminal court is reversed and the indictment against Defendant is dismissed.

_____

THOMAS T. WOODALL, JUDGE