IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 7, 2008 Session

**STATE OF TENNESSEE v. MAURICE CURRIE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 8109     Joseph H. Walker, III, Judge**

---

**No. W2008-01013-CCA-R3-CD  - Filed December 18, 2008**

---

The Defendant, Maurice Currie, was convicted of possession of .5 grams or more of cocaine with the intent to deliver and received an eight-and-one-half-year sentence.  In this appeal, the Defendant argues that the trial court erred by failing to suppress the drugs discovered during the search of his residence and car.  He contends that the search warrant that the officers executed at his residence was invalid because the reliability of the informant was based upon information received from another officer, not named in the warrant. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the appellant, Maurice Currie.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and J. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On February 5, 2007, a Lauderdale County grand jury indicted the Defendant for possession of .5 grams or more of cocaine with the intent to deliver and unlawful possession of drug paraphernalia.  See Tenn. Code Ann. §§ 39-17-417(c)(1), -425.  The indictment stemmed from drugs discovered during the September 14, 2006 search of the Defendant's car and residence.

Thereafter, the Defendant filed a motion to suppress the drugs obtained during the search. He argued that the affidavit in support of the search warrant was defective because the affidavit did not specify whether the informant was a citizen or a professional informant and failed to provide facts supporting the informant's reliability.

A hearing on the motion was held on May 30, 2007. The facts in this case are not in dispute. The probable cause portion of the affidavit in support of the search warrant provided as follows:

During September of 2006, the West Tennessee Drug Task Force, initiated an investigation into the illegal drug trafficking activities by a male black subject known as Maurice Currie who uses the alias "Cup", within Halls, Lauderdale County, Tennessee.

Based upon my personal participation in this investigation, and information provided to me by other law enforcement officers, I am familiar with the facts and circumstances referred to in this affidavit. On the basis of that familiarity, I have determined the following:

During the month of September 2006, Special Agent Derick Hundley, hereafter referred to as the Affiant, interviewed a reliable cooperating source, hereinafter referred to as CS. This CS has previously established his/her reliability by providing law enforcement officials with information leading to the seizures of cocaine on one occasion and marijuana on two occasions. Law [e]nforcement has arrested six defendants on the seizures. Two of the defendants have been convicted on drug charges while four still have pending drug charges.

During the aforementioned interview, the CS advised your Affiant that a male black individual known to him/her as Maurice Currie aka "Cup" described as (approx. 20 yoa, approx. 5'06", short stocky build, no visible tattoos, with no hair or facial hair) is currently distributing cocaine in the Halls, Lauderdale County, Tennessee area.

According to the CS, Maurice Currie aka "Cup" utilizes one vehicle in his drug trafficking activities, and described the vehicle as a white, 4-door Pontiac.

The CS further stated that Maurice Currie aka "Cup" utilizes his current residence, a red brick duplex located at 232-B Maple Street in Halls, Lauderdale County, Tennessee to store and sell cocaine from.

On September 7, 2006, an inquiry was made by [l]aw [e]nforcement [o]fficers with the City of Halls (water utilities division). According to utility records Chantay Bostic currently has utilities turned on at 232-B Maple Street, Halls, Lauderdale County, Tennessee.

Within the last five days of September 13, 2006, your Affiant interviewed the aforementioned CS. During this interview the CS related that within the last five days of 9/13/06 he/she observed Maurice Currie aka "Cup" in possession of ounces of cocaine inside his (aka "Cup") residence (232-B Maple Street, Halls, Lauderdale County, Tennessee).

The affidavit also described the items to be seized and detailed the affiant's extensive experience and training in narcotics transactions. A search warrant was issued for the Defendant's residence.

At the suppression hearing, Officer Eric Uselton of the Crockett County Sheriff's Department West Tennessee Drug Task Force, testified that he used a particular confidential informant in Crockett County "on a couple of different search warrants . . . ." According to Officer Uselton, the cases in which this informant was involved led to convictions, and he described the informant as "[v]ery accurate" and "reliable." At the time of the suppression hearing, the Drug Task Force was still utilizing the informant.

In September 2006, the informant called Officer Uselton and inquired, "Well, you're with the drug task force, so would Halls be covered?" Officer Uselton advised that the Drug Task Force covered Halls but that another agent dealt with that area. The informant told Officer Uselton of a cocaine dealer in the Halls area.

Officer Uselton immediately contacted Officer Derick Hundley and set up a "three-way" phone conversation between the two officers and the informant. The informant described the residence of the dealer, what was inside the home, and the vehicles outside. This conversation occurred a day before the search warrant was issued for the Defendant's home.

On cross-examination, Officer Uselton testified that all he knew about the Defendant dealing drugs was based upon information provided by the confidential informant. Officer Uselton relayed that the informant was a private individual, a citizen.

Next, Officer Derick Hundley, an investigator with the Halls Police Department, testified. Officer Hundley stated that he was also assigned to the West Tennessee Drug Task Force. Officer Hundley was the affiant in the affidavit that supported the search warrant.

According to Officer Hundley, Officer Uselton contacted him on September 12, 2006, and advised him that an informant "had information concerning possible narcotics in Halls." A few minutes later, Officer Uselton set up a "three-way" telephone call. When asked about his knowledge of the informant's reliability, Officer Hundley responded,

> I spoke with Agent Uselton. He advised me that he has used the CI several times, and in fact has convictions dealing with this CI. I also done [sic] a small surveillance on the property after Agent Uselton gave me the information. At that time I gathered there were several vehicles coming and going from that residence.

The informant told Officer Hundley that there was an individual in Halls, whom the informant knew as "Cup," selling cocaine. The informant gave a description and address of the individual's residence, averred that the individual normally kept drugs on his person at all times, and asserted that the individual drove a white four-door Pontiac. Officer Hundley understood that the informant was "around the individual or with the individual sometime shortly before [the informant] contacted Agent Uselton."

Officer Hundley confirmed that the utilities at the address were not in the Defendant's name; they were in the name of Ms.Chantay Bostic. Officer Hundley believed that the Defendant was dating Ms. Bostic's daughter.

Based upon the information he received from the informant, Officer Hundley consulted with his supervisor and was instructed to prepare a warrant for the residence. Thereafter, Officer Hundley surveyed the residence for several hours to verify some of the details provided by the informant, noting that a car on the property fit the description provided by the informant as the dealer's vehicle. He then went to a judge to have the warrant issued.

Officer Hundley contacted other agents to assist with executing the warrant. The warrant was executed on September 14, 2006. Officer Hundley stated that there were several juveniles in the residence, and he identified the Defendant, who was asleep in a bedroom, as "Cup." He provided the Defendant with a copy of the warrant while at the residence.

According to Officer Hundley, the Defendant had clothes neatly folded in a dresser, hanging in the closet, and dirty clothes in a laundry basket. The Defendant's driver's license and some cocaine were discovered in his blue jeans, which were next to his bed. Baking soda and clear baggies, "used to break down the narcotics and also to bag it," were also found in the bedroom. Marijuana was found in the Defendant's vehicle. The Defendant was placed under arrest and transported to the Lauderdale County Jail.

Officer Hundley stated that all of the information provided by the informant proved to be accurate. Officer Hundley stated that he did not know the relationship between the informant and the Defendant, but he opined that the informant had been in the residence or had known the Defendant "for some time."

On cross-examination, Officer Hundley stated that he had seen the Defendant "from time to time" but that he "had no idea where [the Defendant] lived." During his surveillance of the residence, Officer Hundley saw "some people go back and forth out of the house" and "[j]ust cars coming and going."

Officer Hundley confirmed that he had never used this informant before and had never met him. All of the information about the informant's reliability was provided to him by Officer Uselton.

At the conclusion of proof, the trial court denied the Defendant's motion to suppress. In denying the motion to suppress, the trial court made the following findings and conclusions:

> The affidavit is made by [O]fficer Hundley, who detailed why the informant is deemed reliable so an independent determination could be made. The affidavit states the CS has previously established his/her credibility by providing law enforcement officials with information leading to the seizures of cocaine on one occasion and marijuana on two occasions. Six defendants have been arrested on the seizures. Two of the defendants have been convicted on drug charges, while four still have pending charges. The officer could rely on information given him by

Officer Uselton who had worked with the informant many times in the past and described his information in the past as being very reliable. Information from Officer Uselton is presumed reliable.

The basis of the informant's knowledge is set out in the affidavit as within the last five days of September 13, 2006, the informant observed the [D]efendant in possession of ounces of cocaine inside his residence (232-B Maple Street, Halls, Lauderdale County, Tennessee).

The affidavit contains the bases of the informant's knowledge, and includes a factual allegation that the informant is credible.

The [c]ourt finds that the affidavit states probable cause for the issuance of a search warrant.

Thereafter, the Defendant waived his right to a jury trial. At the bench trial, the Defendant stipulated to the facts as presented at the motion to suppress hearing. Thus, the Defendant stood mute and expressed an intention to appeal the suppression issue. Thereafter, the State recommended an eight-and-one-half-year sentence and moved to dismiss the paraphernalia charge.

The trial court then gave a brief summary of the facts, found the Defendant guilty of possession of .5 grams or more of cocaine with the intent to deliver, dismissed the paraphernalia charge, and imposed an eight-and-one-half-year sentence. Pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, the Defendant now appeals as of right, challenging the trial court's order denying his motion to suppress the drugs discovered in his home and his car.

**Analysis**

On appeal, the Defendant argues that the trial court committed error in denying his motion to suppress the evidence recovered from his home and car. Specifically, he contends that the affidavit, which "included information from a confidential informant furnished to an officer not named in the affidavit," was insufficient to establish probable cause to search the Defendant's residence and car. He cites to State v. Smotherman, 201 S.W.3d 657 (Tenn. 2006), for the proposition that Officer Uselton should have been named in the affidavit, as he was the officer who received the information and knew of the informant's reliability.

When reviewing a trial court's ruling on a motion to suppress, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Findings of fact made by a trial court in ruling on a motion to suppress are binding upon this court unless the evidence preponderates against the findings. See id. However, "[t]he application of the law to the facts found by the trial court . . . is a question of law which this court reviews de novo." State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

The Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment, provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to the searched, and the persons or things to be seized.

Article 1, section 7 of the Constitution of Tennessee also guarantees that the people shall be free from unreasonable searches and seizures.

An affidavit has historically been viewed as an indispensable prerequisite to the issuance of a search warrant in Tennessee. See Tenn. Code Ann. § 40-6-103. The affidavit must set forth on its face facts which establish probable cause before a search warrant may issue. See Tenn. Code Ann. § 40-6-104; Tenn. R.Crim. P. 41(c). Probable cause to support the issuance of the warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant. State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). Also, essential to the process of obtaining a search warrant is the requirement that the affidavit recite sufficient underlying facts and circumstances to enable the issuing magistrate to perform his detached function and not serve merely as a rubber stamp for the police. State v. Abernathy, 159 S.W.3d 601, 603 (Tenn. Crim. App. 2004) (quoting United States v. Ventresca, 380 U.S. 102, 109 (1965)).

The affidavit in the present case included information supplied by a confidential informant. If the information upon which probable cause is based is not of the officers' personal knowledge but is received from an criminal informant or a person from the "criminal milieu," probable cause under our state constitution is determined by the application of the *Aguilar-Spinelli* two-pronged test. State v. Williams, 193 S.W.3d 502, 507 (Tenn. 2006); State v. Jacumin, 778 S.W.2d 430, 436 (Tenn. 1989). That test requires the establishment of the basis of knowledge and the veracity of the informant supplying hearsay information. Jacumin, 778 S.W.2d at 432. The basis of knowledge prong requires that the affidavit contain facts from which the magistrate may determine that the informant had a basis for the claim regarding criminal conduct or contraband. Id.; see also Moon, 841 S.W.2d at 338. The veracity prong requires that the affidavit contain facts from which the magistrate may determine either the inherent credibility of the informant or the reliability of the information provided. Jacumin, 778 S.W.2d at 432; see also Moon, 841 S.W.2d at 338. However, independent police corroboration of the information provided by the informant may make up for deficiencies in either prong. State v. Powell, 53 S.W.3d 258, 263 (Tenn. Crim. App. 2000).

We begin by noting that Smotherman is distinguishable from this case. In Smotherman, the State, on appeal, contended that reference in the affidavit to the confidential informant as an "agent" was sufficient to establish the informant as a law enforcement officer.[1] 201 S.W.3d at 663. Our supreme court disagreed and determined that the use of the word "agent" alone did not establish that

---

[1] No special showing of reliability is necessary where the confidential informant is a law enforcement officer. Moon, 841 S.W.2d at 338 n.1.

the confidential informant was a law enforcement officer and, therefore, the information was not afforded a presumption of reliability.  Id.

Here, there is no dispute about whether the informant was a law enforcement officer, the only challenge to the affidavit being that the informant's reliability was based upon information provided by an officer not named in the affidavit.  Smotherman does not require that the officer providing the information be named in the affidavit as the Defendant asserts.  Smotherman provides that, when the informant is a law enforcement officer other than the affiant, the following is required:

> To enable the magistrate to engage in an independent probable cause evaluation, however, the affiant must state in the affidavit that he or she is relying upon information provided by other officers.  United States v. Kirk, 781 F.2d 1498, 1505 (11th Cir. 1986).  This requirement is met where the affidavit viewed as a whole clearly indicates that the affiant is relying upon information obtained from other law enforcement officers.  Id.

Smotherman, 201 S.W.3d at 663.

Under the facts presented here, Officer Hundley specifically stated in the affidavit that the information was "provided to [him] by other law enforcement officers" and that the informant had "previously established his/her reliability by providing law enforcement officials with information leading to the seizures of cocaine on one occasion and marijuana on two occasions."  Contrary to the Defendant's assertion, Officer Hundley did not misrepresent any facts in the affidavit.

Therefore, in the instant case, we apply the two-prong test applicable to information supplied by a criminal informant.  In order for the information to be credible, the factors of Aguilar-Spinelli must be satisfied.  The informant represented to Officer Hundley that he was present at the residence and saw cocaine at the residence; moreover, the informant provided the address and a description of the property and the dealer's car.  This information is listed in the search warrant affidavit.  The information provided by the confidential informant was based on personal observations that occurred within five days prior to the application for the search warrant.  The informant's personal observations and knowledge of the activities that occurred at the residence satisfy the basis of knowledge prong.

With regard to the informant's credibility or the reliability of the informant's information, the affidavit in support of the search warrant asserts that the informant has a previous history of supplying accurate and reliable information to law enforcement. Officer Hundley personally verified the details of the property and the suspect's vehicle given by the informant during the interview. There is sufficient information as to the credibility of the informant contained in the search warrant. We conclude the information provided in the affidavit is sufficient to establish probable cause for the issuance of a search warrant.

**Conclusion**

Based upon the foregoing reasoning and authorities, we conclude that the affidavit supporting the issuance of the search warrant is sufficient to establish probable cause. Accordingly, we affirm the judgment of the Lauderdale County Circuit Court.

_____
DAVID H. WELLES, JUDGE