IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2015

## SIDNEY T. CASON v. MIKE PARRIS, WARDEN

**Appeal from the Circuit Court for Lake County**
No. 14CR1000     R. Lee Moore, Jr., Judge

_____

**No. W2015-00180-CCA-R3-HC  -  Filed October 28, 2015**
_____

Petitioner, Sidney T. Cason, appeals the Lake County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  Because we determine that Petitioner has failed to file a timely notice of appeal or provide reason as to why the timely filing of the notice of appeal should be waived, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Sidney T. Cason, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; and Jonathan H. Wardle, Assistant Attorney General, for the respondent, State of Tennessee.

**OPINION**

Nearly ten years ago, Petitioner participated in the robbing and killing of a Davidson County resident.  *See State v. Sidney Terrell Cason*, No. M2008-02563-CCA-R3-CD, 2010 WL 1333143, at *1 (Tenn. Crim. App. Apr. 6, 2010), *perm. app. denied* (Tenn. Aug. 26, 2010).  On August 11, 2008, Petitioner entered guilty pleas to one count of especially aggravated robbery and one count of second degree murder, a Class A felony.  As part of the entry of the plea under "*State v. Hicks*," Petitioner was sentenced as a violent offender to a sentence of forty years as a Range II, multiple offender for second degree murder and a sentence of fifteen years as a Range I, standard offender for

especially aggravated robbery. The sentences were ordered to be served concurrently, for a total effective sentence of forty years in the Department of Correction. Petitioner unsuccessfully sought withdrawal of the guilty plea based on his age and the fact that he felt unprepared. *Sidney Terrell Cason*, 2010 WL 1333143, at *1. The denial of the motion was affirmed by this Court on appeal. *Id.* at *3.

Petitioner next tried to seek relief from his guilty pleas by filing a petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel, resulting in the entry of unknowing and involuntary guilty pleas. *Sidney Cason v. State*, No. M2012-00364-CCA-R3-PC, 2013 WL 1799968, at *1 (Tenn. Crim. App. Apr. 29, 2013), *no perm. app. filed*. This Court determined that Petitioner did not receive ineffective assistance of counsel and that he knowingly and voluntarily pled guilty. *Id.* at *6.

In the present case, Petitioner argues that his sentences are void and illegal because the trial court lacked jurisdiction to impose a sentence in excess of his sentencing Range. On October 2, 2014, Petitioner filed a petition for writ of habeas corpus. The habeas corpus court dismissed the petition without a hearing on October 17, 2014, noting that the plea was proper under *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997).

Petitioner did not file a notice of appeal until January 28, 2015.

*Analysis*

Under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a).

The notice of appeal in this case alleges that Petitioner is appealing a judgment from January 15, 2015. However, nothing appears in the record from the habeas corpus court after the October 17, 2014 order dismissing the petition for writ of habeas corpus. "An appellate court may consider only evidence contained in the appellate record." *State v. Smotherman*, 201 S.W.3d 657, 660 (Tenn. 2006) (citing *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005)). It is the duty of the appellant to prepare an adequate record for appellate review. *See* Tenn. R. App. P. 24; *see also State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). Petitioner ignores the untimeliness of the notice of appeal, claiming in his brief to this Court that he has "timely appealed" the denial of relief. Petitioner is mistaken, and the interests of justice do not excuse the untimely filing of his notice of appeal. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) ("If this [C]ourt were to summarily grant a waiver whenever confronted with untimely notices,

the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction.").  Accordingly, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE