# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 13, 2016 Session

## STATE OF TENNESSEE v. CHARLES WILLIAM REED

**Appeal from the Criminal Court for Davidson County**
**No. 2014-C-1990    J. Randall Wyatt, Jr., Judge**

_____

### No. M2015-00978-CCA-R3-CD – Filed July 1, 2016

_____

This direct appeal presents a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A). Defendant, Charles William Reed, properly reserved a certified question of law as part of his plea agreement in which he asks this Court whether there was sufficient probable cause for the issuance of a search warrant. After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Dawn Deaner, District Public Defender; Jeffrey A. DeVasher (on appeal) and Keeda J. Hayes (at hearing), Assistant District Public Defenders, for the appellant, Charles William Reed.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was indicted by the Davidson County Grand Jury for one count of possession of more than .5 ounces of marijuana with intent to sell within 1000 feet of a drug-free zone, one count of possession of drug paraphernalia, one count of possession of a firearm after having been previously convicted of a felony drug offense, and one count of possession of a firearm with intent to go armed during the commission or attempted commission of a dangerous felony. Defendant filed a motion to suppress evidence discovered pursuant to a search warrant, which was denied by the trial court. Thereafter,

Defendant entered a plea of guilty to the reduced charge of possession of marijuana with intent to sell, and the other charges were dismissed.

As part of his plea agreement, Defendant reserved with the consent of the State and the trial court the following certified question of law:

> Whether the search warrant for 733 South 6th Street established a sufficient nexus among the criminal activity, the place to be searched, and the items to be seized where the alleged probable cause that marijuana would be found inside the residence was based upon police observing a small amount of marijuana discarded in a trash can in the living room, indicating past use, and Mr. Reed's admission that he had smoked marijuana earlier that day; and whether the evidence seized pursuant to the search warrant violated Mr. Reed's protections against unreasonable searches and seizes as guaranteed by the Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution.

Defendant has properly reserved a certified question of law that is dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(A); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988); *see also State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984) ("An issue is dispositive when this Court must either affirm the judgment or reverse and dismiss."). Other grounds raised by Defendant in his motion to suppress were not included in the certified question and will not be considered on appeal. *See State v. Pendergrass*, 937 S.W.2d 834, 836 (Tenn. 1996) (quoting *Preston*, 759 S.W.2d at 650) (holding that appellate review is limited to those issues "passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise"). We shall examine the trial court's determination that there was sufficient probable cause to support the issuance of the search warrant in this case.

A trial court's factual findings on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). Furthermore, questions about the "credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Id*. "We afford to the party prevailing in the trial court the strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998). However, we review a trial court's application of the law to the facts under a de novo standard of review. *State v. Williams*, 185 S.W.3d 311, 315 (Tenn. 2006).

Under both the Tennessee and United States Constitutions, no search warrant may be issued except upon probable cause, which "requires reasonable grounds for suspicion,

supported by circumstances indicative of an illegal act." *State v. Smotherman*, 201 S.W.3d 657, 662 (Tenn. 2006). Tennessee requires a written and sworn affidavit, "containing allegations from which the magistrate can determine whether probable cause exists," as "an indispensable prerequisite to the issuance of a search warrant." *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998); *see also* T.C.A. § 40-6-104; Tenn. R. Crim. P. 41(c). The affidavit must contain more than mere conclusory allegations on the part of the affiant. *Henning*, 975 S.W.2d at 294. The standard to be employed in reviewing the issuance of a search warrant is "whether the issuing magistrate had 'a substantial basis for concluding that a search would uncover evidence of wrongdoing.'" *Smotherman*, 201 S.W.3d at 662 (quoting *State v. Ballard*, 836 S.W.2d 560, 562 (Tenn. 1992)). "In determining whether probable cause supports the issuance of a search warrant, reviewing courts may consider only the affidavit and may not consider other evidence provided to or known by the issuing magistrate or possessed by the affiant." *State v. Saine*, 297 S.W.3d 199, 206 (Tenn. 2009) (citing *State v. Carter*, 160 S.W.3d 526, 533 (Tenn. 2005)). The magistrate's judgment is entitled to great deference on appeal. *State v. Jacumin*, 778 S.W.2d 430, 431-32 (Tenn. 1989)

Our supreme court has explained that, in order to establish probable cause for the issuance of a search warrant, the underlying affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). The affidavit "must show a nexus among the criminal activity, the place to be searched, and the items to be seized." *Saine*, 297 S.W.3d at 206. "The nexus between the place to be searched and the items to be seized may be established by the type of crime, the nature of the items, and the normal inferences where a criminal would hide the evidence." *Smith*, 868 S.W.2d at 572. Because a lapse of time between the commission of a crime and the issuance of a search warrant may affect the likelihood that incriminating evidence will be found, reviewing courts should "consider whether the criminal activity under investigation was an isolated event or a protracted pattern of conduct." *State v. Reid*, 91 S.W.3d 247, 275 (Tenn. 2002); *see also State v. Hayes*, 337 S.W.3d 235, 259 (Tenn. Crim. App. 2010) (noting that "[i]f the illegal activity is described as ongoing, it is generally held that the affidavit does not become stale with the passage of time"). However, probable cause is a case-by-case determination. *State v. Meeks*, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993).

In his affidavit in support of the search warrant in this case, Officer Conrad Straub of the Metropolitan Nashville Police Department averred as follows:

> On 04/03/2014[,] East B flex Officers conducted a knock and talk at [701 South 6th Street, Apartment 733] in regards to a drug complaint. Officers made contact with [Defendant,] who allowed Officers into the residence. During the conversation with [Defendant,] Officer [Travis] Davidson observed in plain view a small amount of marijuana in a trash can in the

living room. We notified [Defendant] of this[,] and he admitted that he smokes marijuana and had smoked earlier in the day. [Defendant] stated that he doesn't live at the residence and was only visiting but his brother who lived at the residence was not home . . . .

The affidavit sought to establish that the police had "probable cause to believe that certain evidence of criminal activity, to wit: violations of state laws as set forth in Tennessee Code Annotated Sections 39-17-401 et seq. [Tennessee Drug Control Act of 1989], will be found within or upon the premises[.]"

Defendant argues that the affidavit does not contain facts indicative of ongoing criminal activity sufficient to create a nexus among the alleged criminal activity, the place to be searched, and the items to be seized. He relies heavily on this Court's opinion in *State v. Archibald*, 334 S.W.3d 212 (Tenn. Crim. App. 2010). In that case, the affidavit alleged that a confidential informant purchased drugs in an apartment up to seventy-two hours before the issuance of the search warrant. This Court explained that even though the affidavit established a nexus between the apartment and the criminal activity, "it contained no information tending to establish how long the nexus would persist." *Id.* at 215. The affidavit did not contain any facts that the person who sold drugs to the informant was more than a one-time visitor to the apartment or that the informant observed any additional drugs within the apartment. *Id.*

Defendant misinterprets this Court's ruling in *Archibald* as requiring evidence of ongoing criminal activity before a search warrant will issue. Not all criminal offenses are ongoing in nature. The inquiry is simply whether there is reason to believe that *evidence* of criminal activity will be found in a particular location at the time the search warrant is sought. *See State v. Norris*, 47 S.W.3d 457, 470 (Tenn. Crim. App. 2000); *State v. Thomas*, 818 S.W.2d 350, 357 (Tenn. Crim. App. 1991) (quoting *Sgro v. United States*, 287 U.S. 206, 210 (1932)). The issue in *Archibald* was the staleness of the information contained in the search warrant. This Court had to determine "whether an affidavit alleging only that drugs were bought in a particular apartment up to seventy-two hours beforehand can support a warrant for the search of that apartment and its occupants." 334 S.W.3d at 215. We noted that "[w]hen illegal activity is ongoing, courts have generally held that the affidavit is less likely to become 'stale' with the passage of time." *Id.* (quoting *Thomas*, 818 S.W.2d at 357). We held that, without facts indicating ongoing criminal activity, "the information in the affidavit became stale as soon as enough time had passed for such a one-time seller to leave the apartment." *Id.*

This case is easily distinguishable from *Archibald*. Here, the police applied for the search warrant the same day as the events described therein occurred. From our review of the record, it does not appear that the officers seized the small amount of marijuana in plain view (perhaps out of an overabundance of caution), but instead froze the scene

while Officer Straub went to apply for the search warrant. There was no lapse in time that would have rendered the officers' observations stale. Furthermore, Defendant admitted possession of the marijuana when he stated that he had smoked it earlier in the day. Possession of any amount of marijuana is a criminal offense in Tennessee. *See* T.C.A. § 39-17-418(b). Though Defendant's use of the marijuana may have occurred sometime in the past, he presently possessed the remnants of that use when the officers conducted the knock and talk. The magistrate had a substantial basis for determining that there was probable cause to believe that evidence of wrongdoing would be discovered in the apartment at the time Officer Straub applied for the search warrant. The trial court did not err when it determined that the search warrant was sufficiently supported by probable cause and denied Defendant's motion to suppress the evidence obtained as a result of the search. We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE